[PRACTICE.]

The CORPORATION OF .WASHINGTON, for the use
of M'CUE and others, v. MOSES YOUNG.

Where the manager of a lottery, drawn in pursuance of an ordinance
of the Corporation of the city of Washington, gave a bond to the
corporation, conditioned " truly and impartially to execute the duty
and authority vested in him by the ordinance;" *held,* that the per-
son entitled to a prize ticket had no right to bring a suit for the
prize against the manager, upon his bond, in the name of the cor-
poration, without their consent.

THIS cause was argued by the same counsel
with the preceding.

*March* 18th.    Mr. Chief Justice MARSHALL delivered the
opinion of the Court.

The defendant was the manager of a lottery,
drawn in pursuance of an ordinance of the Cor-
poration of Washington, and gave his bond to
the corporation in the penalty of 10,000 dollars,
conditioned " truly and impartially to execute
the duty and authority vested in him by the ordi-
nance."

The declaration was on the penalty of the
bond; after oyer of which, and of the condi-
tion, the defendant pleaded *non damnificatus,*
upon which there was issue, with leave to give
the special matter in evidence on both sides.

A jury was impanelled, who found the special
verdict stated in the preceding case of *Brent et*

*al.* v. *Davis,* with this additional circumstance, which, having no connexion with that case, was not stated in it. The ticket No. 1,037, drew a prize of 10,000 dollars. It had been sold in quarter shares to several persons, but had remained in possession of the said Gideon Davis, who gave to each purchaser a certificate specifying the interest he held in the ticket. After the drawing was completed, but before the institution of this suit, Gideon Davis delivered the said ticket, No. 1,037, to the managers, towards securing and paying of the moneys stipulated to be paid by him under his contract for the purchase of the lottery.

This suit is instituted for the benefit of the purchasers of the ticket No. 1,037, without the consent of the corporation.

The judgment of the Court was in favour of the defendant, and the plaintiffs have sued out a writ of error to bring the cause into this Court.

The first inquiry is, into the right of the proprietors of the ticket No. 1,037, to sue in the name of the corporation without its consent. Their counsel insists, that the bond was taken for the benefit of the fortunate adventurers in the lottery, and that each has a right to use it. In support of this proposition, he has cited the case of *M'Mechen* v. *The Mayor and City Counsel of Baltimore,* decided in the Court of Appeals of Maryland in the year 1806. That was a writ of error to a judgment confessed in the General Court, in an action brought by the corporation on a bond given by Thomas Yates and Archibald

1825.

Corporation of Washington v. Young.

Campbell, with their sureties, conditioned for the performance of their duty as auctioneers. The Court determined, that the suit was to be considered as brought by authority of the corporation, although no warrant of attorney was shown; and that the confession was an admission of the right to recover the penalty of the bond; whether in their own right, or for the use of another, was immaterial.

The opinion was also expressed, as stated by the reporters in a note, that every person whose money was withheld by the auctioneers, had a right to apply to the city council to direct a suit to be instituted on the bond; and the corporation could not, consistently with their duty under the ordinance, refuse such application, and might be enjoined by suit in Chancery to allow the person to use their name to prosecute his claim.

Had this been the direct judgment of the Court, it could not have sustained the pretensions of the proprietors of this ticket to maintain this suit under the circumstances which attend it. They had undoubtedly "a right to apply to the corporation to direct the suit, and the corporation could not, consistently with their duty, have refused such application," if the purpose of the bond was to secure the fortunate adventurers in the lottery, not to protect the corporation itself. But the propriety of bringing such suit was a subject on which the obligees had themselves a right to judge. If the proprietors of one prize ticket had an interest in this bond, the proprietors of every other prize ticket had the same in-

terest; and it could not be in the power of the
first bold adventurer who should seize and sue
upon it, to appropriate it to his own use, and to
force the obligees to appear in Court as plaintiffs
against their own will.   No person who is not the
proprietor of an obligation, can have a legal right
to put it in suit, unless such right be given by the
Legislature; and no person can be authorized to
use the name of another, without his assent given
in fact, or by legal intendment.   The declaration
of the Judge in the case cited from *Harris &*
*Johnson,* that a Court of Chancery might injoin
the obligees to allow the injured person to use
their names in that particular case, is evidence of
the opinion, that he could not sue at his own
will.   We think, then, that this case is no autho-
rity for the power claimed by the proprietors of
ticket No. 1,037; and we think, upon general
principles, they had no right to institute this suit
without the consent of the corporation.

But, we think also, that the corporation itself
must be considered as the real plaintiff, and that
its right to prosecute the suit cannot be affected
by the allegation that it is brought for the benefit
of others.

It has been determined in this Court, that the
warrant of attorney need not be spread on the
record, to enable counsel to appear for a corpora-
tion; and if the dismission of the suit be not or-
dered, the consent of the corporation will be pre-
sumed after verdict.[a]   If, in its progress, the

1825.

Corporation
of Washing-
ton
v.
Young.

---

a  See Osborn v. United States Bank, *ante* vol. ix. p. 738. 829.

Court shall perceive that it is brought without authority, the proper course would seem to be to dismiss it; not to render judgment for the defendant, which might, where no special breach is assigned, bar any other action.

The proprietors of the ticket No. 1,037 have shown no right to sue on this bond. Their remedy is certainly directly against Gideon Davis; and, in the event of his insolvency, it may be against the managers. But, if they have, without authority, put this bond in suit, the proper course is to turn them out of Court, not to render a judgment, which may bar any future suit brought by the plaintiffs, whose names have been improperly used.

The judgment of the Circuit Court, therefore, must be reversed; but as the pleadings are so incomplete as not to show what judgment ought to be entered, the proceedings are set aside up to the declaration, and the cause remanded to the Circuit Court, to be farther proceeded in according to law.

Judgment reversed accordingly.