Bledsoe et al. vs. Erwin et al.

## No. 8215.

33 615
46 1323
33 615
47 1340

33 615
f105 484
33 615
110 820
33 615
f123 1013

## MARY C. BLEDSOE ET AL. VS. MIKE P. ERWIN ET AL.

When a judgment is absolutely null for defects patent on the face of the record, a suit for the recovery of property sold in execution of such judgment, is more properly a petitory action, and not one strictly of nullity, which, under the law, could only be brought before the same court which rendered the judgment. The demand in nullity, in such case, is only incidental and does not control the question of jurisdiction. Such an action of revendication of the property illegally seized and sold, can well be brought before any court of competent jurisdiction.

The judgment of the Circuit Court of the United States in Louisiana, dismissing the plaintiff's suit without any reserve for the renewal of the action, is not a judgment of nonsuit: it concludes the parties and constitutes *res iudicata* when final.

APPEAL from the Eighth Judicial District Court, parish of Madison, *Deloney, J.*

### *Mott & Kelly* for Plaintiffs and Appellants:

First—A judgment is the most solemn act of a court and cannot be created except by the action of a court. An apparent judgment, absolutely null for want of citation, appearance or plea, is no judgment.

Second—Pleas, like *res adjudicata*, precluding an examination of the merits, cannot be aided by inference, but must be established beyond all question. The legal presumption attaching to such an estoppel is of too grave a character to be recognized as resulting from any allegation in which its essential characteristics are not free from all doubt. Where there is doubt, the party against whom the plea of *res adjudicata* is set up is entitled to the benefit of it.

Third—Where suit is brought upon cumulated causes of action and relief is prayed for commensurate with all the causes combined, and the court is *ratione materiæ* without jurisdictional competency to take cognizance of some of said causes of action or to afford the relief appropriate thereto, but is competent to take cognizance of other grounds, any finding of issues of fact by the court must be limited to facts pertinent to the grounds of action upon which it had jurisdiction to pass.

Fourth—In order to sustain the plea of *res adjudicata*, the court whose judgment is pleaded must have had jurisdiction to hear and determine the issues raised by the pleadings.

Fifth—Legal and equitable causes of action cannot be cumulated in one suit in the Circuit Courts of the United States; and where suits cumulating such causes of action are removed from a State court into a U. S. Circuit Court, such court is without jurisdiction to proceed until the suit has been recast into two suits, one at law, and the other in equity. The petition in the case of Bledsoe et al. vs. Stone et al., removed to the Circuit Court, cumulated equitable and legal rights of action, and the court was without jurisdiction to decide it at all in the form in which it was presented.

Sixth—If the case had been recast into a suit at law, and one in equity, the question of nullity of judgment of the State Court, upon which the case rested, was one that the Circuit Court of the United States was without jurisdictional competency to entertain either on the law or equity side; and its judgment, therefore, cannot sustain the plea of *res adjudicata*.

### *H. F. Simrall* and *J. T. Coleman* on the same side:

The action of nullity in the Louisiana practice is a wise and salutary substitute for the purposes of a bill in chancery under the common law system; the object of both being the same—to displace and vacate judicial proceedings, which culminated in a pretentious title against the true owner.

When cumulated with a petitory action, the essential rights of the plaintiffs are predicated on the nullities of judicial proceedings and sale, which become and are the essential and controlling features of the suit.

The parties litigant, before and after its removal to the Federal Court, so regarded and treated this suit. The allegations in the plaintiffs' petition, the pleas and answers of the defendants, distinctly raised and put in issue the validity of the judgment and the sale. The court also so treated it.

The judgment of the Circuit Court shows conclusively that all the issues of facts were considered and found by the judge in favor of the defendants. It thus appears by the record, which is incapable of denial or disproof, that the Federal Court did entertain and decide all the issues of fact, which embraced the nullities alleged and decided.

The only criteria of jurisdiction are the allegations of the plaintiffs, the subject matter of the suit, the parties and the judgment prayed. And the only criteria of what was embraced and concluded by the judgment is the scope and range of facts and subjects put in issue by the pleadings.

The Federal Court is incompetent to review, correct or annul a judgment of a State Court.

" When a limited tribunal exercises a jurisdiction over a subject which does not belong to it, its decisions amount to nothing and does not create the necessity for an appeal or writ of error, and such a defect in the sentence cannot be cured even by the appearance of the parties.

" To produce the effect of *res judicata*, the sentence must be given by competent tribunal. It must be a final termination to the matter in litigation and it must be certain. The want of either of these requisites is such a defect as to render the sentence null and void, and this defect is called a nullity. "

It would be against good conscience to consummate the ruin of a widow and her children, by the misinterpretation of the facts and the laws, and thus give to spoliation the further sanction of judicial authority.

### *Farrar & Spencer* for Defendants and Appellees:

First—A judgment between plaintiffs' and defendants' vendors, may be pleaded by defendants as *res judicata*, in bar of a second suit by plaintiffs against him for the recovery of the same property. 3 An. 230.

Second—A judgment dismissing plaintiffs' demand without any qualification of language or reservation, such as the ordinary phrase, " as of nonsuit," when such judgment has been rendered after trial on the issues made in the case, and so stated in the judgment, will be considered final and definitive, and form the basis of the exception of *res judicata* in a second suit between the same parties, on the same subject matter. See Transcript, pages 190-1; 32 An. 898; 8th La. 187.

Third—In order to annul a judgment rendered by a court of competent jurisdiction, a direct action must be brought in the court that rendered the judgment. 2 An. 492; 21 An. 165.

Fourth—The United States Circuit Court has concurrent jurisdiction with the State courts in all suits brought to recover property which had been surrendered in bankruptcy and in the hands of the assignees. Section 4979 R. S. U. S.; 92 Otto, 180.

Fifth—A suit instituted to recover a plantation, and the revenues thereof, citing the party in possession, who is a mere lessee, and alleging that defendant holds under a sheriff's sale made under a judgment which was null and void, and praying to be decreed owner of said plantation, and that said sheriff's sale and said judgment be decreed null, is a petitory action, and the action to annul is merely incidental.

Sixth—A suit instituted to annul a will must be brought in the Probate Court; but a suit to recover a plantation, and to annul a will under which the defendant claims the plantation, is a petitory action, and must be brought in the court of ordinary jurisdiction. 11 L. 393; 1 R. 115; 11 R. 249.

Seventh—The same principle is involved in this suit. Here, the plaintiffs institute suit to recover a plantation and revenues, and prayed to be decreed the owners, and that the judgment and sheriff's sale, under which defendants' claim be decreed null. It is a petitory action; the question of nullity is merely incidental; and being a petitory action, the United States Circuit Court had jurisdiction on its being removed from the State court. 12 L. 394; 9 R. 191; 11 L. 419.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiffs aver, in substance, that they are the owners of a valuable plantation in the possession of defendants; that the title which these pretend to have is void, the same being a sheriff's adjudication in furtherance of proceedings under a judgment which is *absolutely* null for want of a valid citation. They pray for the annulment of the judgment, as also of the adjudication, for their recognition as owners, for the expulsion of the defendants and for the recovery of rents and revenues for many years at $5000 per annum.

In bar, the defense of *res judicata* is raised. From the judgment sustaining that plea the plaintiffs have appealed.

There is no dispute, that there once was brought an identical suit; but the contention is, that the judgment invoked was rendered by a court incompetent *ratione materiæ*, and that it is one of *nonsuit* only.

It appears the plantation, at the death of plaintiffs' author, was very heavily encumbered with mortgage claims; that the creditors, after proceedings *via ordinaria*, caused it to be seized and advertised, and became the adjudicatees thereof for a great deal less than the amount of their claims.

The plaintiffs thereafter instituted proceedings before the District Court of Madison Parish, for an object identical with that in view in the present case. Upon a showing by defendants, the suit was removed to the United States Circuit Court for the District of Louisiana, where it was docketed, tried and decided on the *law* side. The jury was waived, the judge found the facts in favor of the defendants and *dismissed* the suit, with costs. No attempt was made to question or disturb the judgment, which, *if it be valid*, has by the lapse of time become definitive.

The difficulty in the case consists in determining the character of the suit in which the judgment invoked was rendered.

If it was a suit *merely* for the nullity of the judgment, it was one which could be brought *only* before the court which rendered that judgment, and which that court *alone* was competent to decide.

If it was a suit which contemplated another object, and in which the charge in nullity did not necessarily enter, it was a suit which could be brought before any court vested by law with power to determine actions in revendication of real estate and having jurisdiction of the persons. 99 U. S. 80.

It cannot be denied that, if the judgment assailed was one to annul which a valid cause existed, the plaintiffs had a right to bring a proceeding to that end, and that the court which rendered the judgment attacked could, under a proper state of facts and showing, have annulled it, C. P. 606; but, if the nullity charged against the judgment was, as in this case, founded upon defects in the proceedings, which made the judgment, on its face, an *absolute* nullity, there was no necessity for an action in nullity, and the plaintiffs might have ignored and disregarded it.

If the charge of nullity of judgment had been coupled with a main and controlling demand, the question of validity of judgment could be inquired into and determined by any court having jurisdiction of that demand, which was the true or real object of the suit. 11 L. 393, 419; 12 L. 394; 1 R. 115; 9 R. 191; 11 R. 249; 15 An. 279; 2 How. 619.

If the judgment assailed was, as alleged, an absolute nullity, it could produce no more effect than if rendered by a justice of the peace.

An execution upon it could have been considered as issued without a judgment to support it, 24 An. 253, and, as such, provisionally arrested without *affidavit* and bond, in the discretion of the court, 10 An. 286; for it is settled by the amplest authority that a judgment rendered against a party who has not been cited and who has not appeared, is an *absolute* nullity, which can be invoked, not only by such party, but also by any one interested. The case is different where the causes of nullity are latent. In such cases an action in nullity is indispensable.

1 N. S. 9; 8 N. S. 145; 1 M. 220; 6 L. 377, 577; 17 L. 42, 442; 6 R. 592; 11 R. 109; 2 An. 203, 492; 6 An. 565; 10 An. 174, 286; 13 An. 150, 374; 15 An. 86; 17 An. 91; 21 An. 27; 23 An. 421; 24 An. 253; 29 An. 647, 23 How. 132.

A judgment *absolutely* null for defects patent on the face of the proceedings, need not be adjudged to be such by a formal decree in a special and direct proceeding. Such judgment can produce no effect. Every thing done in furtherance of it is necessarily void. *Quod est nullum, nullum producit effectum. Sublato fundamento, cadit opus.* 24 An. 253.

In an action to recover land from one who claims to have acquired it under such a judgment, it would not be necessary that the plaintiff should even allude to such judgment. It would be the interest of the defendant and his duty, should he deem proper to aver title, to set forth and prop his sheriff's deed with a valid judgment and valid proceedings in execution of it, and thus assume the attitude of a plaintiff in reconvention. Had the judgment, in this case, been as alleged an *absolute* nullity, the plaintiffs then *would* have had a right to attack and repel it instantly and collaterally, even without plea. 2 How. 169; 11 An. 546; H. D. p. 1155, see Pleading, V. (c) 1); 2) 1). The plaintiffs could then

have done, legally, what they are now doing under warrant of law, namely, charging without plea the *absolute* nullity of the judgment invoked as *res judicata,* because rendered by an *incompetent* court. So that it was superfluous for the plaintiffs to have referred to it in their petition; the more so, to have asked its nullity in their prayer. It was probably prudent for them to have done so, to draw in the title of defendants and to have placed them on their guard and prevented a continuance on the ground of surprise; but it was not indispensable for them to have alleged and sought its nullity, as they did, for such errors. We do not consider either the first or the present suit as a necessary action for the action in nullity. The property was the controlling object of the suit ; the assaults made upon the apparent titles of the defendants were means to accomplish the result the more effectually. The feature of a suit in nullity was of secondary importance. The prayer for such nullity was an incident of the litigation. The suit was one at law. 10 How. 257.

But, the plaintiffs have themselves impressed upon the suit the unmistakable and indelible character of a petitory action, by proceeding against one in possession as lessee, C. P. 43, and by trying it, as a case at law, before the Federal court. Being such an action, that court had jurisdiction over the subject matter. The parties waived the jury, offered evidence, among which, conspicuous, are found the very judgment and proceedings attacked, which, therefore, came to the view, knowledge and appreciation of the court. They argued and submitted their case. The judge found the facts in favor of the defendants. His finding was a substitute for a verdict. He dismissed the suit at plaintiffs' costs, without any reserve for a renewal of the action. U. S. R. S. 4979; 10 How. 257; 92 U. S. 180; 94 U. S. 606; 12 L. 394; 9 R. 191; 11 R. 419; 15 An. 279; 32 An. 898; 16 How. 363; 22 Wall. 42; 10 Wheat. 406.

As a rule, a judgment rendered at law is not one of nonsuit. It always concludes the parties. It is for the plaintiff at common law to nonsuit himself before verdict and judgment. Where he does not do so, and a verdict is given followed by a judgment, and the defendant has not consented to a nonsuit being entered, the judgment is entitled to the same effect as a judgment on the merits for the defendants, and the plaintiff is barred from instituting a new action. The rule is different under our State practice, where the case is tried by the judge alone, who may nonsuit if the plaintiff has failed to adduce sufficient legal evidence to make out his case, but the law provides, however, that if the plaintiff, on a jury trial, allow the jury to withdraw before discontinuing his suit, the verdict shall be binding upon him.

Abbott L. D., see Nonsuit, p. 181; U. S. Dig. F. S. vol. XIII, see Trial, No. 4714 *et seq.*; Tidd, vol. 2, p. 916; Chitty's Practice, vol. 3, pp.

910, 784; 16 How. 363. 22 Wall. 42; 10 Wheat. 406; 94 U. S. 606; 11 R. 249; 9 An. 465; L. D. p. 761, (6), (7); 12 An. 197.

It appears strange that, on plaintiffs' own theory, they did not question the legality of the removal of the suit; that they did not by a repleader recast their suit, if it did unite legal and equitable grounds of relief; that they waived the jury to which they would otherwise have been entitled in a suit at law; that they did not take the case on writ of error for review, and have permitted the judgment by the course of time to become definitive and sovereign.

The United States Circuit Court was vested with a jurisdiction both at law and in equity over all the matters involved in the transferred suit. It was competent to determine its jurisdiction over the case, and, if it assumed jurisdiction, it was competent to pass upon the issues which it presented. It has done so. It has found the facts, it has passed upon the validity of the judgment attacked, and it has decided the controversy in favor of the defendants. This Court has no power to review the action and test the correctness of the judgment of the Circuit Court. It must and does presume that that Court has made a sound appreciation of the facts and a correct application of the law. Its action is a perpetual bar. 10 How. 257; 94 U. S. 606; 8 L. 187; 12 An. 196; 3 An. 202, 230; 32 An. 898.

Finally. Under any circumstances, the plaintiffs cannot take advantage of their own laches and derelictions and make them grounds for assailing the validity and asserting the nullity of the judgment of the Circuit Court, as, at the worst, that court could only be relatively incompetent.

It does not appear that it would be against good conscience to permit things to remain in the condition in which circumstances and the acts of parties have placed them.

18 An. 280, 507; 8 L. 101; 2 L. 180; 15 An. 273; 1 R. 523; 3 An. 346; 11 An. 33; 23 An. 147, 167.

The judgment rendered by that Court and invoked as *res judicata*, was properly regarded by the lower court as an insuperable barrier to a renewed assertion of the pretensions set forth in the present proceedings.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.

Rehearing refused.