## ALEXANDER *v.* ISON *et al.*

A citizen upon whom a tort has been committed by the chief of police of a city has no right of action therefor against him and his sureties upon a bond executed in pursuance of a provision in the charter of the city, declaring that this official shall "give bond in such sum, and with such security, and take such oath before entering upon the discharge of [his] duties, as the mayor and council may prescribe," and conditioned that he shall " well and truly demean himself in the office to which he has been elected, and well and truly account for all moneys coming into his hands by reason of said office."

Argued May 4,—Decided May 31, 1899.

Action on bond.    Before Judge Hammond.    City court of Griffin.    December term, 1898.

*J. Chestney Smith,* for plaintiff. .

*O. H. P. Slaton* and *William H. Beck,* for defendants.

LUMPKIN, P. J.    An action was brought by Alexander against Ison, chief of police of the city of Griffin, and the sureties upon his official bond, for damages alleged to have been occasioned by the wrongful arrest and imprisonment of the plaintiff by Ison in the guard-house of that city.    The petition was dismissed on demurrer, and Alexander excepted.    The act of February 15, 1876, amending the charter of the City of Griffin (Acts of 1876, p. 142), among other things provided that the marshal of that city should "give bond in such sum, and with such security, and take such oath before entering upon the discharge of [his] duties, as the mayor and council may prescribe."    By the act of December 2, 1884 (Acts of 1884–5, p. 293), the office of marshal was abolished and that of chief of police created, with a provision that this official "be required to give bond in the same manner that said marshal was required to do."    Pursuant to these statutes, Ison gave a bond, payable to the Mayor and Council of the City of Griffin, in the sum of $2,000, the condition of which was that he should "well and truly demean himself in the office to which he [had] been elected, and well and truly account for all moneys coming into his hands by reason of said office."    Presumably, the terms of this bond were fixed by a municipal ordinance.

We are quite sure that the General Assembly, in enacting the legislation above recited, never contemplated that an individual citizen aggrieved or injured by a tort at the hands of the chief of police would have a right of action upon that official's bond for damages thus occasioned.    Upon general principles, a citizen upon whom the chief of police committed a tort would have no such right, for the obvious reason that there is no privity of contract between him and the bonded officer or his sureties.    Being an entire stranger to the contract, it would require express legislative authority to give him a right of action thereon.    Apparently, the bond taken in the present-

instance was solely for the protection and benefit of the city in its corporate capacity. We can not think it was for a moment contemplated that any individual could have redress for wrongs committed by the chief of police, by bringing an action against him and his sureties upon his official bond. It was argued here that this case fell within the provisions of section 12 of the Political Code, which declares that: "All bonds taken from public officers shall be kept in the places specified by law, and copies thereof shall be furnished to any person desiring them. Suits thereon may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without an order for that purpose." Obviously, however, the provisions embraced in this section were intended to be applicable only to the public officers of this State who are required by general law to give bonds for the faithful performance of duties they owe to the public at large. This section is not, therefore, to be regarded as having any application whatever to a bonded officer of a municipality who is required by special legislation, relating to that municipality alone, to give such a bond as the mayor and council may deem necessary to the proper protection of the city itself. The court was right in sustaining the demurrer.

<div align="center">

*Judgment affirmed. All the Justices concurring.*