# JUNE TERM, 1901.

CITY OF EATON RAPIDS, *for Use of* SNYDER, *v.* STUMP.

OFFICIAL BONDS—ACTIONS FOR USE OF THIRD PERSONS.
An action on a bond given by a city marshal to the city cannot be maintained for the use and benefit of a third person, unless expressly authorized by statute.

Error to Eaton; Smith, J. Submitted November 14, 1900. Decided June 4, 1901.

Debt by the city of Eaton Rapids, for the use and benefit of Perry O. Snyder, against F. Marion Stump, as principal, and James B. Bradley and Jay W. Vaughan, as sureties, upon an official bond. From a judgment for defendants on demurrer to the declaration, plaintiff brings error. Affirmed.

*Powers & Stine* and *John M. Corbin* (*Elmer N. Peters*, of counsel), for appellant.

*J. B. Hendee* (*Russell C. Ostrander*, of counsel), for appellees.

LONG, J. Defendant Stump, on the 26th day of April, 1898, was duly elected to the office of marshal of the city of Eaton Rapids by the common council. He, as principal, and defendants Bradley and Vaughan, as sureties, executed a bond, running to the city of Eaton Rapids, in the penal sum of $1,000, as required by the charter of that city; the condition of the bond being:

"That if the said F. Marion Stump shall well and faithfully in all things discharge the duties of his said office according to law, and shall faithfully disburse all moneys that may come into his hands by virtue of his

said office, then this obligation to be void; otherwise to be and remain in full force and effect."

This bond was filed in the office of the city recorder and on April 28th Stump qualified and entered upon the duties of his office, and continued to so act as marshal up to the time of the committing of the grievances complained of.

It is charged in the declaration that, while said defendant Stump was so acting as marshal of said city, he did unlawfully beat, bruise, wound, and ill-treat Perry O. Snyder (the person for whose benefit this action is brought), without just cause or process of law, and did, as such marshal, arrest the said Perry O. Snyder and incarcerate him in the lock-up, and did prosecute him, without reasonable or probable cause, and without any legal process or authority therefor, whereby a cause of action did accrue against said F. Marion Stump, who was so acting as marshal of said city, and that afterwards, and on August 25, 1898, an action was brought by Perry O. Snyder against said F. Marion Stump in the circuit court for the county of Eaton to recover damages for the injuries above described, and that afterwards the cause came on to be tried in said court, and the said plaintiff recovered a judgment against the said defendant in the sum of $1,225 and costs of suit; that the judgment remains unsatisfied and unreversed; and that it has not been appealed from. This action is brought on said bond against said Stump and his sureties for the purpose of satisfying said judgment to the extent of the liability of the sureties upon such official bond.

The defendants demurred to the declaration, setting out nine special causes of demurrer. The court below, in sustaining the demurrer, passed upon only two questions, to wit:

1. That an action on the bond could not be maintained for the use and benefit of any one except the city of Eaton Rapids, and that only in its own interest.

2. That the act complained of in the declaration was

not such a violation of the terms of the bond as would give rise to an action agaisnt the sureties.

The plaintiff brings error.

But one question need be discussed, as we are of the opinion that the court below was not in error in holding that an action could not be maintained on the bond except in the interest of the city. The bond was not given for the protection of third parties, but for the protection of the city alone. This bond was never assigned to Mr. Snyder, nor has the city ever given any authority to him to bring suit on it. There is no statute in this State providing that such actions may be brought on such a bond, in the interest of or for the benefit of a third party, for damages arising by the act or omission of such appointive officer. Our statutes do provide for actions on official bonds, but suits by third parties on bonds given by appointive municipal officers are not included, and without the aid of some statute no such suit can be maintained. Section 9781, 3 Comp. Laws, provides for the commencement of suits by third parties against sheriffs on official bonds; and section 9795 provides:

"Suits upon the official bonds of registers of the courts of equity, clerks of the Supreme Court, clerks of counties, registers of deeds of counties, masters in chancery, notaries public, and of all other officers required to give bond to the people of this State, in relation to which no other provision of law is or shall be made, may be prosecuted by any person aggrieved by any delinquency or misconduct of such officers, respectively, and such suits shall be prosecuted, and judgments rendered therein, in the same manner herein prescribed in relation to suits on the official bonds of sheriffs, and with the like effect."

There are other classes of bonds required by the statute to be given, such as constables' bonds, which by section 2364, 1 Comp. Laws, make the officer and his sureties liable —

"To pay to each and every person who may be entitled thereto all such sums of money as the said constable may

become liable to pay,   *   *   *   or on account of any misfeasance of the said constable in the discharge of, or failure of said constable to faithfully perform, any of the duties of his said office."

A county treasurer gives a bond to the board of supervisors. Section 2535, Id. The bonds of county clerks, sheriffs, county surveyors, notaries public, circuit court commissioners, as well as bonds of other officers, are required by the statute to run to the people. There can be no doubt that on all such bonds the statute gives a right of action against the officer, as well as against his sureties, to any third person who may have a cause of action against the officer for any misfeasance in office. Without these statutes, no right of action on the bond would inure to the benefit of third persons. The bond in this case runs to the city of Eaton Rapids, and not to the people. The rule as stated by Murfree on Official Bonds (§ 504) is as follows:

"The primary object of an official bond is, of course, to protect the interests of the beneficiary named in it,— the State, county, corporation, etc., as the case may be. By statute, however, it is usually provided that bonds given by officers to States and counties shall be available to protect the interests of private persons who may be aggrieved by the breach of such bonds. They cannot be used, however, for these purposes in cases unprovided for by such statutory enactment."

In *State* v. *Nichol*, 8 Lea, 657, the action was brought by third parties on the official bond given by the clerk of the county court. The court said:

"The bond is given to the State; is intended to enforce the performance of official duties, and to indemnify the public against official delinquency. Such is the plain meaning of its terms, and, from the nature of the case, unless otherwise directed by statute, would be its object. It certainly was not intended to be operative in favor of individual citizens for any wrong done to them by the officer. The State in this case does not complain of his act. It was for its benefit. He may have violated the rights of the citizen, but certainly has not given any cause of suit on his official bond in his favor by such act."

In *Corporation of Washington* v. *Young*, 10 Wheat. 409, it was said by Chief Justice Marshall:

"No person who is not the proprietor of an obligation can have a legal right to put it in suit, unless such right be given by the legislature; and no person can be authorized to use the name of another without his assent given in fact or by legal intendment."

Counsel for plaintiff, however, cite the case of *State* v. *Norwood*, 12 Md. 177, holding that it was not necessary for the plaintiff, before instituting suit upon an official bond payable to the State, to obtain the State's permission to do so; and this, although there was in the statute which prescribed the bond no specific provision for making the bond payable to the State, or for giving the party interested the right to sue upon it. But that case was decided upon the construction of the statute prescribing the form of the bond. The bond was given to the State, and conditioned that the officer —

"Shall well and faithfully pay over to the treasurer of Maryland all sums of money received by him for the use of the said State of Maryland under the provisions of the constitution of the State of Maryland, or of any law now existing, or which may hereafter be passed, in the manner and at the time limited by such acts, without fraud or further delay, and shall well and truly account for the same with the officer or persons authorized to receive the same, and the duties of his office, and all the other duties of his said office by law imposed, legally, duly, and faithfully shall discharge according to law and the true intent and meaning of the acts of assembly in such case made and provided."

The object of the suit was to recover on the bond moneys collected as license fees alleged to be due the equitable plaintiffs (that is, the mayor and city council of Baltimore) from Norwood, the clerk of the court of common pleas. The court recognized the rule laid down by Chief Justice Marshall in *Corporation of Washington* v. *Young*, *supra*, but in the course of the opinion referred to a case in 8 Md. 287 ( *Ing* v. *State* ), and quoted from it as follows:

"'The court of appeals held in *Kiersted* v. *State*, 1 Gill & J. 231, that the uniform practice for 20 years allowed persons interested to bring suits on bonds taken in the name of the State, although the acts of assembly under which they are required to be executed contain no specific provision for making them to the State, or give to the party, in language, the right to sue. These references are sufficient to show the suit was properly brought.'"

Continuing, the court said:

"The laws which provide for the execution of bonds similar to the one before us do not require them for the purpose of protecting the rights of the State alone. They are also designed to secure the faithful performance of official duties, in the discharge of which individuals and corporations have a deep interest, and therefore they should have the privilege of suing such bonds for injuries sustained by them through the negligence or malconduct of the officers. Such doctrine in regard to public official bonds we consider as having been long established in Maryland, whatever may be the law elsewhere."

The rule in the above case, it will be noticed, was based upon the construction of the statute fixing the condition of the bond, and the long-established practice in that State. No case cited by the learned counsel for the plaintiff goes further than this. We think the general rule is that no suit can be maintained by third parties on an official bond unless some authority can be found in the statute authorizing it. While the statutes of this State do not in express terms authorize suits by third parties on constables' bonds, yet the form of the bond prescribed by the statute would undoubtedly be construed as authorizing it. There is no such provision of the statute in reference to the official bond of the marshal of the city of Eaton Rapids. No such provision is contained in the charter of the city.

We think the court below was not in error in sustaining the demurrer. In this view of the case, it is not important to discuss the other questions.

The judgment below must be affirmed.

The other Justices concurred.