EDWARD CUSHING, APPELLANT, V. OTTO LICKERT ET AL., APPELLEES.

FILED JUNE 22, 1907. NO. 14,777.

1. **Officers:** ACTION ON BOND. Section 643 of the code, providing for actions upon official bonds by any person damaged through the misconduct of an officer, refers only to bonds given under statutory authority.

2. **Cities:** POLICEMEN: ACTION ON BOND. A citizen could not, prior to 1905, maintain an action upon the bond of a patrolman of the city of Omaha, there being no privity between the plaintiff and the surety, and neither the state laws nor the city ordinances giving him the right to recover.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*T. W. Blackburn,* for appellant.

*C. L. Dundy, E. M. Martin* and *E. M. Bartlett, contra.*

EPPERSON, C.

Plaintiff sued two patrolmen of the city of Omaha and the surety on their bonds to recover damages for the unlawful shooting, arresting and imprisoning of the plaintiff in August, 1903. A demurrer *ore tenus* to the petition by the surety company was sustained and the case dismissed as to that defendant. Plaintiff appeals.

The bond, which is set forth in the petition, provides that each patrolman shall faithfully and impartially perform all his duties, and shall deliver over to the city all property in his possession belonging to the city, and shall hold the city harmless from any loss or liability from his appointment. Plaintiff contends that he is entitled to sue upon the bond, for damages sustained by him at the hands of the patrolman, under the provisions of section 643 of the code. We cannot adopt this view. The section cited is as follows: "When an officer, executor, or administrator within this state, by misconduct or neglect of duty, forfeits his bond or renders his sureties liable, any person injured thereby, or who is by law entitled to the benefit of the security may bring an action thereon, in his own name, against the officer, executor, or administrator, and his sureties, to recover the amount to which he may be entitled by reason of the delinquency." The official bonds there referred to are the bonds required by and given under the provisions of the statute. Our legislature, prior to 1905, had not provided that patrolmen in cities shall give bonds for the faithful discharge of their duties. The bond in question was presumably required by city ordinance. The city is named as the obligee. The bond itself does not give individuals the right to sue for damages sustained at the hands of the patrolmen, nor is it shown that the ordinance was intended to give such protection.

This court has frequently held that one not a party to a bond may maintain an action thereon, but only when such bond was given for his benefit. *Barker v. Wheeler*, 71 Neb. 740, and cases there cited. But, in the absence of a contract made for his benefit, a citizen cannot maintain an action against the surety on an official bond, except by legislative authority. In *Alexander v. Ison*, 107 Ga. 745, 33 S. E. 657, a case similar to the case at bar and arising in a state having similar laws as to official bonds, it is said: "We cannot think it was for a moment contemplated

28

that any individual could have redress for wrongs committed by the chief of police, by bringing an action against him and his sureties upon his officical bond. It was argued here that this case fell within the provisions of section 12 of the political code, which declares that 'all bonds taken from public officers shall be kept in the places specified by law, and copies thereof shall be furnished to any person desiring them. Suits thereon may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without an order for that purpose.' Obviously, however, the provisions embraced in this section were intended to be applicable only to the public officers of this state who are required by general law to give bonds for the faithful performance of duties they owe to the public at large. This section is not, therefore, to be regarded as having any application whatever to a bonded officer of a municipality who is required by special legislation, relating to that municipality alone, to give such a bond as the mayor and council may deem necessary to the proper protection of the city itself."

Section 643, *supra,* does not refer to bonds given otherwise than by legislative authority. The judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.