PBOVOSTX, J.
The notary, Wolfe, now in the penitentiary, forged and negotiated four notes, facsimiles of a note secured by mortgage as per act passed before him. The present suit is an executory process upon one of the five notes thus purporting to be secured by said mortgage, but whether upon the genuine note or upon one of the forged notes will have to be a subject of investigation and decision. The holders of the four other notes have severally intervened in the suit, each contesting the genuineness of the note upon which said executory process has issued, and claiming to hold the genuine note. One of these interventions, that of the German-Ameriean Savings Bank & Trust Company, tutor of the Boder minors, is accompanied by injunction; and the present appeal has been taken from the judgment dissolving this injunction.
The objections made to the injunction are: First, that even if it were conceded that the note held by the intervener was the genuine note, and that the executory process had issued upon one of the forged facsimiles, this would not be ground for injunction; second, that the said injunction issued without bond; and, third, that the person who made the affidavit for obtaining said injunction does not appear to be connected with the litigation in any way, and that therefore the said injunction may be said to have also issued without affidavit.
*736 [1] The first of these objections is without merit. While an executory process upon a forged note is void, and therefore cannot legally affect the mortgage rights existing upon the property, it might affect the value of the property, and in that way affect the mortgage rights upon it, and thereby furnish to the mortgage creditor good ground for injunction. That the judicial seizure of property affects its value is shown by the well-known custom of insurance companies to cancel their policies whenever the property upon which the policies bear is seized.
[2, 3] The other two objections are good. An affidavit made by a person apparently not connected with the suit is practically no affidavit; and the absence of either affidavit or bond is fatal to an injunction, except in those eases in which a bond is expressly dispensed with by law. Speyrer v. Miller, 108 La. 204, 32 South. 524, 61 L. R. A. 781.
[4] The learned counsel for intervener argue that in a case like the present, where several notes are presented, which all appear to be genuine, although only one of them can be so, the court should of its own motion stop the executory process proceedings until the identity of the genuine note is established. We do not know whence the court would derive the authority' to do anything of the kind. Certainly not from the Code. This uncertainty might be good ground for injunction at the suit of the holder of one of the notes (although we express no opinion on that point), but it certainly furnishes-no ground for the judge of his own motion either to recall the executory process, which for all he knows may have issued on the genuine note, or to enjoin it.
[5] Counsel also contend that injunction may issue without affidavit or bond in a case where the process sought to be enjoined is on its face null. Bledsoe v. Erwin, 33 La. Ann. 618. But, in the case at bar, the nullity, if nullity there be, is not patent, but latent; so much so, indeed, that a lengthy trial may fail to reveal it with certainty.
We are not advised whether the decision of our learned brother of the trial court was not predicated exclusively upon the absence of bond and affidavit. It is approved only in so far as founded on those grounds.
Judgment affirmed, with right reserved' to appellant to sue out another injunction on proper affidavit and bond. Appellant to pay costs of appeal.