DISTRICT OF COLUMBIA, to Use of LANGELLOTTI, v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Court of Appeals of District of Columbia. Submitted February 11, 1921. Decided March 7, 1921.)

No. 3370.

**District of Columbia ⬅7—Individual cannot sue on officer's bond, without statutory authority and consent of District of Columbia.**

An individual cannot sue, in the name of the District of Columbia, to his use, tne surety on an official bond running to the District of Columbia, where there was no statute giving third parties the right to bring action thereon, and the consent of the District to the bringing of the action was not obtained.

Appeal from the Supreme Court of the District of Columbia.

Action by the District of Columbia, to the use of Frank Langellotti, against the Fidelity & Deposit Company of Maryland, a corporation. Judgment for defendant on a directed verdict, and plaintiff appeals. Affirmed.

George W. Offutt, Jr., and C. V. Imlay, both of Washington, D. C., for appellant.

P. H. Marshall, of Washington, D. C., for appellee.

STAFFORD, Acting Associate Justice. The defendant was sued by the plaintiff, to the use of an individual, as surety upon an official bond running in terms to the District of Columbia, and there was no statute giving third parties the right to bring an action thereon, neither was the consent of the obligee procured to the bringing of the action. The court of first instance directed a verdict for the defendant, and the appeal involves, among other possible questions, the validity of that action. If the use plaintiff had no right to bring the suit, the action of the court was correct, without reference to other questions.

In 1825 the Supreme Court of the United States, speaking by Chief Justice Marshall, with respect to an action upon a bond running to the Corporation of Washington, said:

"No person who is not the proprietor of an obligation can have a legal right to put it in suit, unless such right be given by the Legislature; and no person

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

can be authorized to use the name of another without his assent, given in fact or by legal intendment." Corporation of Washington v. Young, 10 Wheat. 406, 409 (6 L. Ed. 352).

So far as we know, this has remained the view of that court as to sealed instruments. Hendrick v. Lindsay, 93 U. S. 143, 149, 23 L. Ed. 855. Congress has proceeded upon the same supposition. Formerly the warden of the jail here was required to give a bond to the United States (31 Stat. 1378), and another statute provides expressly that upon such a bond any person aggrieved by a breach of its condition may maintain an action. D. C. Code, § 481. But by an act later than these (36 Stat. 1003) the office of warden was abolished and a new office created, viz. the office of superintendent of the Washington asylum and jail, under appointment by the commissioners of the District, and such officer's bond was required to be given to the District of Columbia. Touching this bond there is no statutory provision that allows action thereon to be brought by a third party.

We are cited to South v. Maryland, 18 How. 396, 15 L. Ed. 433, and have read the case carefully. The opinion is not addressed to the question before us, and we do not know the exact facts that would have borne upon it, had the question been raised and presented. We see nothing there to indicate that the court had receded from the law of the Young Case. We are cited, also, to U. S. v. Hine, 3 MacArthur, 27. But a careful reading of that case fails to show that the mind of the court was addressed to this question. The most that can be said is that the right of a third person to sue on the official bond there involved was not drawn in question. Whatever may be the rule elsewhere, therefore, we think it settled for this jurisdiction that the plaintiff had no right to maintain this action, and accordingly the judgment is affirmed, with costs.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.