Carr v. City of Knoxville.

---

## E. A'. CARR *et al. v.* CITY OF KNOXVILLE, for Use of MONDAY.

### (*Knoxville,* September Term, 1921.)

1. **MUNICIPAL CORPORATIONS.** Bondsman of patrolman not liable for injury to persons.

   A bond of a supernumerary patrolman, conditioned that he "well and faithfully serve said city, and shall well and truly collect such fines and other revenue placed in his hands that may be due said corporation, arising from the violation of the ordinances of said corporation, properly account for all city property which may come into his possession, and hold the said corporation harmless," was not given for the benefit of a person unlawfully shot by the patrolman while acting in his official capacity, and no recovery could be had thereon; the only authority for the bond being a city ordinance simply requiring a bond conditioned for the faithful performance of duties, and Shannon's Code, section 1092, subsec. 3, not relating to such officers. (*Post, pp.* 487-489.)

   Cases cited and approved: Matlock v. Bank, 15 Tenn., 91; State ex rel. v. Nichol, 76 Tenn., 657; Snyder v. Stump, 127 Mich., 1.

   Cases cited and distinguished: Alexander v. Ison et al., 107 Ga., 745.

   Code cited and construed. Sec. 1092, subsec. 3(s.).

2. **MUNICIPAL CORPORATIONS.** No recovery against policeman individually in action on bond.

   Where suit was brought solely on the bond of a policeman, in the name of a city for the use of one who had been maliciously shot by the policeman, there can be ne recovery against the policeman individually, where it is determined that the bond was executed simply to protect the city. (*Post, pp.* 489, 490.)

---

FROM KNOX

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. VON A. HUFFAKER, Judge.

R. H. BEELER and W. T. KENNERLY, for plaintiffs.

S. E. HODGES, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the Court.

This action was brought by the city of Knoxville, for the use of Henry A. Monday, against E. A. Carr, James T. Kennedy, and Bob Alexander to recover $2,000 as damages, upon the following state of facts.

On or about June 27, 1919, E. A. Carr was duly elected supernumerary patrolman for the city of Knoxville, a municipal corporation chartered and organized under the laws of the State of Tennessee. Carr, on or about June 30, 1919, took the oath of office, and entered into a bond with the city of Knoxville in the sum of $2,000, with James T. Kennedy and Bob Alexander as sureties thereon, which bond was duly approved by the mayor of the city of Knoxville and its attorney, and was duly filed with the city recorder of said city. This was all done in accordance with the provisions of a certain ordinance of said city, which was passed and became effective on or about August 14, 1891, and appears in the Code of said city at section 33 thereof.

After the execution of said bond Carr entered upon his official duties as such supernumerary patrolman. The bond which Carr entered into with the city of Knoxville is conditioned that he, as such supernumerary patrolman,

"shall well and truly preform all such duties as may be required of him in said office of supernumerary patrolman by the said city of Knoxville and by the ordinances of said corporation;" and, further, that "in all his acts as such supernumerary patrolman well and faithfully serve said city, and shall well and truly collect such fines and other revenue placed in his hands that may be due said corporation, arising from the violation of the ordinances of said corporation, properly account for all city property which may come into his possession, and hold the said corporation harmless," in which event said obligation shall be void, otherwise to remain in full force and effect.

On or about October 5, 1919, while acting in his capacity as a patrolman of the city of Knoxville, at or near Elm street, in said city, Carr arrested Henry A. Monday for the violation of, in his presence, a certain traffic ordinance of the city with respect to operating a certain automobile in his charge and under his control, at night, without lights, and for disorderly conduct, which was also a violation of an ordinance of said city.

Carr, after arresting Monday, searched him and ordered him to alight from the automobile, which order Monday complied with, but upon alighting from the automobile Monday attempted to escape from Carr by running away, and when he had reached a distance of about fifty or sixty feet from Carr, and while still in flight, he was shot by Carr and severely wounded.

The declaration avers that the shooting was done by Carr, in his official capacity, willfully, maliciously,

unlawfully, and negligently, and in violation of the terms and conditions of his official bond hereinbefore referred to, and a recovery was sought of Carr and his sureties on his said bond.

The defendants demurred to the declaration upon grounds, among others, as follows:

(1) No right of action accrued to Monday on said bond because its terms and provisions do not protect the public generally, or any individual or individuals, against injury by the wrongful act or acts of said officer.

(2) That the bond of Carr was executed only for the protection of the city of Knoxville, and not for the protection of persons who might be injured by him in the discharge of his duties as such patrolman.

This demurrer was overruled by the trial judge, after which defendants pleaded to the declaration, entering pleas of not guilty. The defendants Kennedy and Alexander interposed a further plea to the effect that, according to the terms of the bond sued on, they could not be held liable as sureties on said bond for the injuries sustained by Monday as the result of the unlawful and wrongful act of their principal Carr while acting in his official capacity as such patrolman.

The case was heard before the court and a jury, and upon the conclusion of all the evidence defendants moved the court to direct the jury to return a verdict in their favor, which motion was overruled. To this action of the court defendants excepted.

Upon the submission of the case to the jury a verdict was returned against all of said defendants, and in favor of the plaintiff Monday for $525. All of said defendants

seasonably moved for a new trial, and their motion being overruled and judgment entered in accordance with the verdict of the jury, they appealed to the court of civil appeals from the judgment rendered against them, and assigned numerous errors.

Upon a consideration of the case by that court the judgment of the trial court was reversed and Monday's suit was dismissed. The court of civil appeals was of the opinion that the trial court should have sustained the demurrer of the defendants, but having refused to do so he should have, in any event, sustained the defendants' motion for a directed verdict.

The case is now before this court upon the plaintiff's petition for writ of *certiorari* and for review.

We are of the opinion that there is no error in the judgment of the court of civil appeals. The bond upon which the plaintiff's action is predicated was not given for his benefit and protection. It was also given alone for the benefit and protection of the city of Knoxville.

In *Matlock* v. *Bank,* 7 Yerg., 91, it was held that sureties on an official bond made in pursuance of our statutes can only be held liable according to the express terms of the bond itself for a breach thereof.

In *State ex rel.* v. *Nichol,* 8 Lea, 657, it was held that an individual cannot bring suit upon the official bond of a clerk to have him account for revenue, or wrong done him by such clerk; such bond being given to the State by the clerk for the faithful preformance of his official duties, and to indemnify it against delinquency. Judge FREEMAN, in the course of his opinion, said:

"Such is the plain meaning of its terms [referring to the bond] and from the nature of the case, unless otherwise directed by statute, would be its object. It certainly was not intended to be operative in favor of individual citizens for any wrong done to them by the officer."

To the same effect is the holding of the court in the case of *City of Eaton Rapids, for the use of Snyder* v. *Stump*, 127 Mich., 1, 86 N. W., 438, 89 Am. St. Rep., 451. In this case it was held that an action on a bond given by a city marshall cannot be maintained for the use and benefit of a third person, unless expressly authorized by statute.

In *Alexander* v. *Ison et al.*, 107 Ga., 745, 33 S. E., 657, it was held that a citizen upon whom a tort has been committed by the chief of police of a city has no right of action therefor against him and his sureties upon a bond executed in pursuance of a provision of the charter of the city that such official shall give bond in such sum, and with such security, and shall take such oath before entering upon the discharge of his duties as the mayor and council may prescribe, and conditioned that he shall well and truly demean himself in the office to which he has been elected, and well and truly account for all moneys coming into his hands by reason of said office.

The court in that case said: "Upon general principles, a citizen upon whom the chief of police has committed a tort would have no such right, for the obvious reason that there is no privity of contract between him and the bonded officer or his sureties. Being an entire stranger to the contract, it would require express legislative authority to give him a right of action thereon."

It is not shown that the bond sued on in the instant case was one authorized or required by any provision of the city charter. So far as the record shows, the only authority for this bond is the ordinance hereinbefore referred to, and which reads as follows:

"All policemen, before entering upon the discharge of their duties, shall file with the recorder bonds in such penalty as the mayor shall require, conditioned for the faithful performance of their duties, and signed by two sureties to be approved by the mayor."

This ordinance does not authorize suits by third parties on the bonds of policemen given in accordance with the provisions of said ordinance. In other words, there is an entire absence of statutory authority for suits of this nature by third parties on bonds of policemen of the city of Knoxville.

By subsection 3 of section 1092 of Shannon's Annotated Code, a right of action is given on official bonds of state and county officials for the use and benefit of every person who is injured by any wrongful act committed by such officer under color of his office, as by failure to perform, or the improper or negligent performance of, the duties imposed upon him by law. This statute, however, has no application to municipal officers.

This suit being brought solely and alone on the bond of Carr, and in the name of the city of Knoxville for the use of Monday, there can be no recovery against any of said defendants, for the reasons stated.

It is insisted that the court of civil appeals committed error in adjuding the costs of the case against the appellant Monday and his surety on what the court of civil

appeals treated as his prosecution bond, his insistence being that the bond was not a prosecution bond for costs in the event he failed to prosecute his suit with effect, but was an indemnity bond given to the city of Knoxville, in whose name the suit was brought, to indemnify said city against any costs that might be adjudged against it by reason of his failure to prosecute said suit with effect; and the record showing that no costs were adjudged against the city of Knoxville, no judgment could legally be rendered in its favor on said bond.

We think there was no error in the judgment of the court of civil appeals in this regard. We think the intent, meaning, and object of the bond was to secure the costs of the case.

The judgment is in all things affirmed.