232 P.2d 960

**WARD et al. v. JOHNSON.**

No. 5206.

Supreme Court of Arizona.

July 2, 1951.

Rehearing Denied Sept. 25, 1951.

214

Minne & Sorenson, of Phoenix, Marshall W. Haislip, of Phoenix, of counsel, for appellants.

W. H. Chester, of Phoenix, for appellee.

DE CONCINI, Justice.

Russell Johnson, plaintiff-appellee, brought an action against Homer Ward and Thomas Moseley, defendants-appellants, police officers of the Town of Tolleson, for false arrest and imprisonment; and also against the Hartford Accident and Indemnity Company, defendant-appellant, as surety on the bonds of the officers. The bonds were made payable to the town of Tolleson. The jury found for the plaintiff and against defendant officers, and assessed plaintiff's damages, " * * * in the sum of no dollars." The jury also found for the plaintiff and against the surety on the bonds, and assessed plaintiff's damages in the sum of $1,550.

The trial judge was not present when the jury returned its verdict. Another judge of the same court presided when the verdict was returned, but refused, on motion of the plaintiff, to direct the jury to further deliberate in order that they might correct their verdict. Some time later the trial judge granted plaintiff's motion for a judgment notwithstanding the verdict against the officers and adjudged them to be jointly and severally liable in the sum of $1,550. The court further adjudged that the plaintiff have judgment against the surety in the sum of $775 as to each of the officers' bonds. From that judgment defendants appeal.

Appellants' assignments of error can be grouped into two propositions; the first is that there is no liability on the bonds executed by the surety for the officers in favor of plaintiff Johnson. The record shows that the bonds executed by the surety were made payable to the town of Tolleson. Appellants assert that in order for one to sustain an action against a

public official for his breach of a bond which the official gives to a municipality, the one bringing the cause of action must be in privity with the surety and the bond must have been executed for his protection and security against acts committed by the official. Appellee relies largely on the case of Russell v. Glascow, 63 Ariz. 310, 162 P.2d 129, 131, in which our court said: "As shown under Sec. 16–210, supra, which section is under the chapter pertaining to cities and towns, the common council of the City of Globe could require its deputies, such as the defendant Self, to give bond for the protection of persons who might be injured, as this plaintiff was. It would be fitting for such officials to require bond of all of its peace officers." That case, however, was decided on a point completely foreign to the above quotation. In the instant case it is unnecessary for us to decide whether a city has the power to direct its officers to execute a bond in favor of third persons. We need look only to the bonds in question to see if they were made for the benefit of others besides the town of Tolleson.

Appellee contends that Sec. 12–313, A.C.A.1939, gives to the plaintiff the right to recover on the bonds. That section provides: "For use of any person damaged.—Every official bond executed by any officer pursuant to law, is in force and obligatory upon the principal and sureties therein to and for the state of Arizona and to and for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such officer in his official capacity; and any person so injured or aggrieved may bring suit on such bond, in his own name, without an assignment thereof." It can thus be seen that the legislature intended to benefit the public by allowing injured or aggrieved persons to recover on official bonds. If the officers' bonds in this case had been official bonds then appellee's contention would undoubtedly be correct. However, Sec. 12–309, A.C.A. 1939, provides: "Bonds, joint and several —Condition.—All official bonds shall be in form, joint and several, and made payable to the state of Arizona, and the condition shall be that the principal will well, truly, and faithfully perform all official duties then required, or as may be imposed on him, by law. * * *" Since the bonds in question were made payable to the town of Tolleson and not to the state of Arizona, they were obviously not official bonds; therefore, only one conclusion is tenable: The officers' bonds not being official bonds within the meaning of Sec. 12–309, supra, Sec. 12–313, supra, does not give the plaintiff the right to recover on them.

Although there are some jurisdictions not in accord, the prevailing and foregoing view is that the obligation of a surety on its bond cannot be extended outside the terms of the instrument itself. The rule is well stated in United States

Fidelity & Guaranty Co. v. Crittenden, 62 Tex.Civ.App. 283, 131 S.W. 232: "* * * Unless there be some express provision of law, which would be read into the bond as a part thereof, authorizing suit upon such official bond by an individual for a wrong done him by an officer, then the well-settled principle of law that the obligation of a surety cannot be extended beyond the terms of his bond nor to one not a party thereto would seem to be applicable, as the bond only created relations between the city as an entity which the official represented and such official * * *". See also Carr v. City of Knoxville, for use of Monday, 144 Tenn. 483, 234 S.W. 328, 19 A.L.R. 69; City of Eaton Rapids, to use of Snyder v. Stump, 127 Mich. 1, 86 N.W. 438; Alexander v. Ison, 107 Ga. 745, 33 S.E. 657; Cushing v. Lickert, 79 Neb. 384, 112 N.W. 616; District of Columbia, to use of Langellotti v. Federal & Deposit Co. of Maryland, 50 App. D.C. 309, 271 F. 383.

■■ The above rule is subject to the principle that all contracts are governed by the laws of the jurisdiction which exist at the time of their execution. The Supreme Court of California, in applying this principle to the rule, said in Sunter v. Fraser, 194 Cal. 337, 228 P. 660, 661: "* * * the accepted rule is that under the common law an action upon a bond of a public official could be maintained only by the obligee named in the bond, and that, unless the right has been given to an individual by statute to maintain such an action in his own name, the right does not exist." In other words, an individual may not recover on the bond of an officer unless he is expressly made an obligee of the bond by its terms, or unless the right to recover is given him by statute. To hold otherwise would be to force upon the surety an obligation for which he did not contract.

Since, then, the surety is not liable to the plaintiff Johnson, the rule of law which appellants advance that the surety cannot be liable in a sum greater than its principal(s), need not be considered. All that remains to determine is whether or not the trial court erred in granting plaintiff's motion for a judgment n. o. v. against the officers.

■ In finding for the plaintiff against the officers and assessing the former's damages in no dollars, the jury patently returned an improper verdict. Such a verdict cannot stand. Plaintiff contends that it was proper for the trial court to fix the amount of plaintiff's damages, and cites several cases which he claims support his contention, particularly the case of Fornara v. Wolpe, 26 Ariz. 383, 226 P. 203, 204. In that case plaintiff sued for a real estate commission; the court instructed the jury to find for the plaintiff, if at all, for the exact amount of the commission. When the jury returned a verdict for the plaintiff in a lesser amount the court granted plaintiff's

motion for judgment n. o. v. In that case, however, the amount of plaintiff's damages was not open to question. The court said: " * * * But under the testimony the amount due appellee, if any at all, whether upon the express or the implied promise, was not in dispute, the evidence on that question being absolutely uncontradicted and of such a nature—not opposed to the probabilities of the case— that it should not have been disregarded. * * * " It must be noted that in the above case and in the others cited by plaintiff the amount of damages was either undisputed or subject to arithmetical computation. In cases such as these the amount of plaintiff's damage ceases to be a question of fact and becomes one of law. Once the liability of the defendant has been established all that remains to be done is to assess plaintiff's damage as disclosed by the evidence. It follows, then, that where the jury errs in its verdict as to the amount of the verdict only, where the amount is not in dispute, the court may assess the proper amount.

In the case at bar, however, we have no indication that plaintiff's damages were either undisputed or arithmetically computable. Indeed, in this case, where plaintiff sues for $10,000 for a willful tort, the jury might find for any amount in damages up to that sum. While appellants have failed to furnish this court with a reporter's transcript of the trial below, plaintiff has failed, in his brief, to make any reference to the fact that the plaintiff's damages were either fixed or undisputed. This he must do in order to justify the ruling of the lower court. We hold that assessing the plaintiff's damages was a question of fact which required a jury determination. The trial court should have refused to accept the improper verdict of the jury and sent the jury back for further deliberation. In granting plaintiff's motion for judgment n. o. v. it committed error.

The judgment of the lower court is reversed and remanded for a new trial as to defendants Ward and Moseley, and reversed as to the Hartford Accident and Indemnity Co. with directions to the trial court to dismiss plaintiff's complaint against it.

Reversed and remanded.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.