JOHN W. WARTMAN, PLAINTIFF IN ERROR, v. WILLIAM H. SWINDELL, DEFENDANT IN ERROR.

1. If, in an action of tort, the defendant relies upon the defence that the act he did was by way of a joke, it is a question for the jury to decide whether the parties had been perpetrating practical jokes upon each other in such a way that the defendant had a right to believe that the plaintiff would accept his act as a joke.

2. The maxim *de minimis non curat lex* does not apply to the positive and wrongful invasion of another's property. The right to maintain an action for the value of property of which the owner is wrongfully deprived is never denied.

On error to the Supreme Court.

*John W. Wartman,* in *pro pers.*

For the defendant in error, *Scovel & Harris.*

The opinion of the court was delivered by

VAN SYCKEL, J. In September, 1891, the clerk of the plaintiff in error, who was plaintiff below, drove the horse and carriage of the plaintiff to the sheriff's office in Camden, and there tied the horse to a post at the curb line of the street.

While the clerk was in the sheriff's office the lines, worth about three or four dollars, were taken from the horse by the defendant in error, and the clerk was left without the means of driving the horse. He thereupon demanded the lines of the defendant, who refused to return them to him. The clerk then went to the office of the plaintiff and informed him of the occurrence, and was instructed to return to the court-house and again demand the lines of the defendant. A second demand was made and the defendant refused to comply with it.

Thereupon the plaintiff brought suit against the defendant for damages.

On the trial of the cause in the court below, the plaintiff, after proving the facts above stated, rested his case.

On the cross-examination of the plaintiff's clerk it appeared that the defendant said to him that the plaintiff had taken a small article from the defendant, and the clerk, in reply to the question whether the defendant did not take the lines by way of a joke, said he "supposed perhaps he did it in a joke, but he did not know what it was done for when it was first done."

When the plaintiff had rested his case, the trial judge said: "If the defendant will make a tender of these lines now, I will dismiss this case upon the ground *de minimis non curat lex.*"

The defendant thereupon tendered the lines to the plaintiff, and the court dismissed the jury from the further consideration of it.

This disposition of the case is the error complained of in this court.

The trial judge acted upon the idea that the conduct of the defendant was intended as a joke, and that the matter involved was too insignificant to claim the attention of the court.

If the defendant relied upon the fact that he removed the lines by way of a joke, it was a question for the jury to decide whether the parties had been perpetrating practical jokes upon each other in such a way that the defendant had a right to believe that the plaintiff would accept this act as a joke. That question could not legally be taken from the jury and settled by the court, nor in my judgment was the maxim *de minimis non curat lex* applicable to this case.

In the *Seneca Road* v. *The Auburn R. R. Co.*, 5 *Hill* 170, 175, Mr. Justice Cowen said this maxim is never applied to the positive and wrongful invasion of another's property.

The right to maintain an action for the value of property, however small, of which the owner is wrongfully deprived, is never denied.

A trespass upon lands is actionable although the damage to the owner is inappreciable.

The celebrated Six Carpenters' case, reported in 8 *Coke* 146, involved a trifling sum.

But as the case in hand stood at the close of the plaintiff's testimony, I am not prepared to say that a verdict for substantial damages would not have been justifiable.

In my opinion the trial court erred in dismissing this case, and the judgment below should therefore be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Depue, Dixon, Magie, Reed, Scudder, Van Syckel, Werts, Bogert, Brown, Clement, Smith, Whitaker. 14.