ROSE KETCHUM, PLAINTIFF, v. AMSTERDAM APART-MENTS COMPANY, DEFENDANT.

Submitted December 4, 1919—Decided April 9, 1920.

1. .Where a person unlawfully takes possession of another's property and removes it to a storage warehouse and then tenders the warehouse receipt to the owner of the property, such taking is an actual appropriation of the property and the tendering of the warehouse receipt does not operate to make such taking a mere technical conversion.

2. The liability to respond in punitive damages is ordinarily limited to the real wrong-doer; and those who are only consequentially responsible for the wrong-doer's act on account of their relation to him are excluded from such liability unless they participate in the wrongful act expressly or impliedly by conduct authorizing or approving it, either before or after it was committed.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Lewis Starr*.

*Contra, Clarence L. Cole.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The plaintiff in this case seeks to recover damages for the alleged wrongful conversion of certain household goods, and for her wrongful ejection from certain leased premises before the termination of her lease. The trial resulted in a verdict in her favor, the total amount of the award being $4,010, itemized by the jury as follows: $2,500 for the value of the converted furniture; $1,500 for punitive damages and $10 as the value of the unexpired term of the lease.

The undisputed facts in the case were that the plaintiff was a tenant in the Amsterdam Apartments as assignee of a lease made by the defendant company to her assignor.  The term of the lease came to an end on April 1st, 1917.  Two days before that, and on March 30th, Mrs. Sweeney, who was the manager of the defendant company, wrongfully entered upon the leased premises, in the absence of the plaintiff, and had the latter's furniture removed, and stored with a warehouse company in the name of the defendant corporation.  After this removal the plaintiff was excluded from the premises for the remainder of the term—that is, from March 30th to April 1st.

The first ground upon which the defendant seeks to have this rule to show cause made absolute is, that the unlawful removal of the plaintiff's furniture and its storage with a warehouse company in the name of the defendant, constituted only a technical conversion, for the reason that after the storage had been completed, and a warehouse receipt given by the warehouseman to Mrs. Sweeney for the defendant company, Mrs. Sweeney tendered the receipt to the plaintiff. The argument based upon this contention is, that for a mere technical conversion the damages awarded therefor should have been only nominal.  We cannot agree with the suggestion that this was a mere technical conversion.  It was an actual appropriation by the defendant of the plaintiff's property, and the defendant could not relieve itself of responsibility for this wrongful appropriation by anything short of an actual redelivery of the property to the owner, and its acceptance by

the latter. The proofs show a tender by the defendant's manager, Mrs. Sweeney, of the warehouse receipt to the plaintiff, but they further show a refusal on the part of the plaintiff to accept it, and in this situation she was entitled to hold the defendant for an actual wrongful conversion of her property.

It is further contended that if the conversion was actual and not merely technical, nevertheless, the verdict should be set aside, for the reason that the damages awarded by way of compensation are clearly in excess of the value of the property converted. Our examination of the testimony sent up with the rule leads us to the conclusion that the contention is justified. Although the proofs upon the point leave the matter of the value of the property at the time of the conversion in more or less uncertainty, we are entirely satisfied that it did not exceed the sum of $1,700 at most, and that no more than the sum indicated should have been assessed against the defendant on that account.

A further question is presented by the reasons for granting a new trial, and that is whether the jury was justified in awarding punitive damages against the defendant. This question, we think, must be resolved against the plaintiff. Mrs. Sweeney, in removing the plaintiff's furniture from the leased premises, and thereafter excluding the plaintiff from the occupation thereof, was, *prima facie,* acting outside the scope of her employment as manager of the defendant company. She testified that in what she did she was obeying the instructions of the president of the company; but, manifestly, the president of a corporation has no implied authority, *virtute officii,* to direct an employe of the corporation to violate the law by committing a tort against the person or property of another. The rule of law to be applied in a case like the present is thus stated by the Court of Errors and Appeals in the case of *Peterson* v. *Middlesex and Somerset Traction Co.,* 71 *N. J. L.* 296: "The rule * * * limits the liability to respond in punitive damages to the actual wrong-doer, and excludes from such liability those who are only consequentially responsible for the wrong-doer's act on account of their

relation to him, unless they participate in it, expressly or impliedly, by conduct authorizing or approving it either before or after it was committed." There is nothing in the proofs submitted in the present case which brings the defendant company within the rule—that is, nothing to show that it authorized its president to instruct Mrs. Sweeney to do what she did; nothing to show that she acted under any instructions other than those received by her from him; and nothing to show that the defendant subsequently approved her act.

If the plaintiff will consent to waive all damages assessed against the defendant by way of punishment, and to reduce the amount awarded her as compensation to the sum of $1,-700 she may enter judgment for that amount, together with the $10 awarded to her as the value of that portion of the term of her lease of which she was deprived by the wrongful act of the defendant's manager; otherwise, the rule to show cause will be made absolute.