GRACE S. VAN HOUTEN AND ARNOLD JACOBY, PLAIN-TIFFS-RESPONDENTS, v. JEANIE CAMPBELL, DEFEND-ANT-APPELLANT.

Submitted May term, 1930—Decided January 22, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs-respondents, *Samuel Rosenfeld.*

For the defendant-appellant, *Ward & McGinnis.*

PER CURIAM.

The major portion of the specification of errors is a recital of a motion by the defendant, at the close of plaintiffs' case,

for a direction of judgment in favor of the plaintiff for
"nominal damages," the reasons therefor, the reservation of
decision thereon, the putting in of the defense under per-
mission by the court, a renewal of the motion, a submitting
of briefs, a denial of the motion, and the entry of judgment
in favor of the plaintiff, closing with the statement that
"the court erred in this determination and appellant is dis-
satisfied with same in point of law." We are unable to deter-
mine precisely which of the court's determinations is the
one objected to by appellant. We gather from her brief
that she lays the error in the denial of the motion to direct,
but we do not understand that the defendant has a right
to compel a verdict, large or small, to be entered in favor
of an unwilling plaintiff. Perhaps the defendant meant thus
to limit the extent of plaintiffs' recovery, but the motion
was not appropriate to that end. Nor was the motion suffi-
ciently explicit. A verdict for money damages is in figures
or their equivalent, not in the nomenclature "nominal dam-
ages." Plaintiff would now waive aside the entire defense
on the theory that the defendant, having moved for a direc-
tion, was not entitled to produce testimony thereafter—a
matter which, by pertinent objection, should have been—but
according to the record was not—presented at the trial.
Nevertheless, we find no reversible error in this division of
appellant's case.

A further allegation of error requires a brief statement
of the case. The action arises out of a contract relating to a
"Hair Devitalizing Machine." There had been an earlier
agreement between the distributor and one Clark, giving the
latter certain agent's and lessee's rights. Clark's rights were
assigned to Van Houten. Van Houten, one of the plaintiffs
herein, and Campbell, the defendant herein, entered into
an agreement whereby the former undertook to assign "the
contract" to Campbell, and the latter agreed to purchase the
same for $500, payable $100 on the next day, namely, No-
vember 19th, 1929, and $400 on December 2d, 1929; the
contract to be actually transferred upon the making of the
$400 payment. Nothing further was done except that, as

the stipulated facts recite, "the plaintiff was notified by the defendant that she would not take the machine." This suit was brought for the recovery of the contract price.

It is conceded by both parties that the case is within the Sale of Goods act (4 *Comp. Stat., p.* 4647); but a dispute arose at the trial and is continued on appeal as to which section of the act was operative, whether section 63, subsection 2, as argued by the plaintiff, or section 64 as argued by the defendant. The trial judge, sitting without a jury, found, in his decision, that "this action was brought by the plaintiff under section 63, subsection 2, of the Sales act, and not section 64, and under this section plaintiff is entitled to recover the purchase price of the contract, viz., five hundred dollars."

Nothing had been done under the contract. The contract was wholly executory. "The rule of law is that either party to a contract, wholly or partially executory on the part of the other party, always has the right to stop performance by the other party subject to that party's right to damages. *Ell. L. S.* 611. Repudiating a contract to sell goods or counter-manding performance, does not rescind the contract, but constitutes a breach of it. *2 Mech. S.,* § 1092. If the breach of contract takes place before any of the goods have been delivered, the measure of damages is the estimated loss directly and naturally resulting, in the ordinary course of events, from the buyer's breach of contract. *Sales of Goods Act,* § 64 (1) (2); *Comp. Stat., p.* 4662; *Ell. L. S.* 612;" *Bixler* v. *Finkle,* 85 *N. J. L.* 77. See, also, *Crichfield-Loeffler, Inc.,* v. *Taverna,* 4 *N. J. Mis. R.* 310.

Section 64 of the Sales act, *supra,* subsections 1 and 2, provide as follows: "(1) Where the buyer wrongfully neg-lects or refuses to accept and pay for the goods, the seller may maintain an action against him for damages for non-accept-ance. (2) The measure of damages is the estimated loss directly and naturally resulting, in the ordinary course of events, from the buyer's breach of contract." 4 *Comp. Stat., p.* 4662. That language, in our opinion, is controlling. It cannot be said that the obligation to pay the $500 was so

irrespective of delivery that section 63, subsection 2, became applicable.

There was no proof of damage ensuing from the defendant's breach of contract.

The finding of the trial judge was in error. Judgment below will be reversed.