FRANK M. SHEEHY, PROSECUTOR, v. COMMONWEALTH-MERCHANTS TRUST COMPANY, A CORPORATION, AND FRANCIS D. MURPHY, AS EXECUTORS OF THE ESTATE OF DENNIS J. MURPHY, DECEASED, FRANCIS D. MURPHY, AS EXECUTOR OF THE ESTATE OF THERESA MURPHY, DECEASED, AND COMMONWEALTH-MERCHANTS TRUST COMPANY, A CORPORATION, AND FRANCIS D. MURPHY, DEFENDANTS.

Argued October 10, 1941—Decided January 29, 1942.

Before Justices PARKER, DONGES and COLIE.

For the prosecutor, *Fox & Krieger* (*Harry Krieger,* of counsel).

For the defendant, Francis D. Murphy, *Anthony J. Armore.*

PER CURIAM.

Prosecutor, Frank M. Sheehy, instituted suit in the Essex Circuit of the Supreme Court to recover damages from the defendants for an alleged conversion of goods and chattels which were deposited by him in the warehouse of Standard Storage Warehouse Company. Subsequently, Standard Storage Warehouse Company, without the knowledge or consent

of prosecutor, moved the property to the warehouse of Liberty Moving & Storage Company, located in a nearby municipality. For a considerable period of time the whereabouts of the goods were unknown to either the prosecutor or to Standard Storage Warehouse. Upon the goods being located, negotiations were entered into between the prosecutor and Standard Storage Warehouse, or its representatives, looking toward a settlement, but the negotiations fell through and the prosecutor, Frank M. Sheehy, instituted suit against the legal representatives of Standard Storage Warehouse. The defendant served notice of motion for an order to compel the prosecutor to take back the goods and chattels, wares and merchandise and upon the return thereof and the payment of costs and nominal damages, for an order staying further proceedings. The matter was heard by the court which ordered "that the defendant's offer to return the said goods and chattels be accepted and considered as a restoration of the said property to the plaintiff, in mitigation of the plaintiff's damages in this case.

"It is further ordered, that the said goods and chattels be delivered by the defendant, Francis D. Murphy at his own cost and expense to the plaintiff, without cost or expense of anything to plaintiff, said delivery to be made within a reasonable radius from where the goods are now stored in Guttenberg, New Jersey, and that the plaintiff is further ordered to advise the said defendant, Francis D. Murphy, where the goods are to be delivered to, within ten days after the service of a copy of this order upon the attorney for the said plaintiff, said advice shall be deemed sufficient if in the form of a letter mailed to the attorney for the moving defendant.

"It is further ordered that the question of damages and costs be left open to await the outcome of the within suit.

"Exception is hereby allowed to the plaintiff in connection with the granting of this order.

"It is further ordered that the said defendant have ten days after the signing of the within order to answer the complaint herein."

In *Wooley* v. *Carter et al.*, 7 *N. J. L.* 85, the Supreme Court held that when a trespass is once committed and the

goods taken, the party injured may stand upon his legal rights and he is not obliged to compromise or take back the goods upon restoration offered and in *Ketchum* v. *Amsterdam Apartments Co.*, 94 *Id.* 7 (at *p.* 8), the Supreme Court said that where there was an actual appropriation by the defendant of the plaintiff's property, that the defendant could not relieve itself of responsibility by anything short of an actual redelivery of the property to the owner, and its acceptance by him.

In *Bigelow Co.* v. *Heintz*, 53 *N. J. L.* 69 (at *p.* 77), it was said, apparently *obiter*, that "there may be circumstances in which the renunciation by a defendant of his claim will as completely effect á restoration of the property as if the plaintiff accepted it." Such circumstances may conceivably be shown in this case to the satisfaction of a jury, but it clearly was not for the court to determine the facts relevant to that point, under any circumstances apart from the fact that the order now under review was made on *ex parte* affidavits. The question, if there is a question, of whether or not prosecutor was justified in refusing to accept the goods, or whether he should have accepted a tender of the goods in mitigation of damages, was a matter to be settled by a jury after examination and cross-examination of witnesses and possibly an inspection of the property, and not by the court in advance of trial.

The order brought up by the rule to show cause is set aside with costs.