TILLIE WEISS AND PETER GRIMBILAS, PLAINTIFFS-APPELLANTS, v. FRED R. STELLING, CHARLES A. LINDSLEY, GERARD LINDSLEY AND LINFAIR, INC., DEFENDANTS-RESPONDENTS.

Submitted October 20, 1942—Decided May 13, 1943.

For the appellants, *B. Bayard Strell.*

For the respondents, *Smith & Slingerland (Archibald F. Slingerland,* of counsel).

The opinion of the court was delivered by

COLIE, J. Plaintiffs, Tillie Weiss and Peter Grimbilas, appeal from a judgment entered against them and in favor of the defendants, Fred R. Stelling, Charles A. Lindsley, Gerard Lindsley and Linfair, Inc. The aforementioned

judgment was entered upon a decision of the Circuit Court Judge after argument on the hearing of objections and points of law addressed to the amended complaint. Originally there were other defendants against whom judgment did not go and who are not parties to this appeal.

We are here dealing with an amended complaint, the first count alleging that Fred R. Stelling and his wife were judgment debtors of the plaintiffs; that execution issued and a levy was made upon the business run by the Stellings; that the plaintiffs agreed between themselves to purchase and conduct the business; that on September 28th, 1934, defendants, Charles A. Lindsley, Gerard Lindsley, and others, issued a warrant for distress for rent and fraudulently conspired to and purchased the property in the name of Charles A. Lindsley and others for the use and benefit of the Stellings; that "thereafter" the defendants organized Linfair, Inc., for the fraudulent purpose of holding title to the property and that the defendants transferred title to Linfair, Inc., in furtherance of said fraudulent conspiracy and Linfair, Inc., then falsely pretended to carry on the business, employing the Stellings therein and thus conspired to aid the Stellings to evade payment of their legal obligation to pay the judgment held by the plaintiffs.

The second count sounds in conversion and alleges that on September 28th, 1934, the defendants seized and detained the property and that Grimbilas, the alleged owner, demanded it but was refused.

The amended complaint was filed *October 7th, 1941*, yet the record shows an order dated *September 20th, 1941*, striking the second count because "added in the amended complaint without leave of the court first had and obtained and because said second count sets up a new cause of action which had become barred by the statute of limitations." Thereafter, on September 29th, 1941, the defendants filed an answer setting up as a separate defense that while the summons bore date of September 26th, 1940, it was not delivered to the sheriff until June 18th, 1941, and, therefore, that the action was not commenced until the later date and consequently was barred by the statute of limitations. The

answer also raised the bar of the statute by an "objection and point of law" reserving the right to move the same at or before trial. To this answer, plaintiffs filed a reply consisting of a general denial. Next in point of time the record discloses an order dated October 31st, 1941, striking the reply as sham in so far as it denied that the summons dated September 26th, 1940, was not delivered to the sheriff for service until June 18th, 1941. The recital in the order last referred to sets forth that it was on a notice of motion and an affidavit annexed thereto. Neither is included in the state of case.

The record brought before us on this appeal is incomplete to an extent which would warrant a dismissal. However, we prefer to dispose of the case on less technical grounds.

Five grounds of appeal are set forth, which are treated in inverse order. The fourth and fifth deal with the striking of the amended complaint as to the defendants, Israel and Silverstein, neither of whom is a party to this appeal. Moreover, these two grounds are not argued and are abandoned. The third ground alleges error in excluding an affidavit dated October 23d, 1941. There is nothing in the record to show that this affidavit was filed in the cause nor anything to show that it was excluded. The second ground alleges error in entering judgment on the second count sounding in conversion on the ground that it was barred by the statute of limitations. The tortious act complained of took place on September 28th, 1934, and the amended complaint was filed more than six years thereafter. A cause of action for the conversion of chattels is complete when the chattel is first tortiously taken. 4 *Restatement of the Law of Torts,* § 899 (c); 34 *Am. Jur.,* § 134.

The gravamen of the first count stems from paragraphs 9 and 10 of the amended complaint, reading:

"9. On or about September 28th, 1934, defendants, Charles A. Lindsley, Lucy L. Fairchild, Alice Hamond, Gerard Lindsley and Horace N. Lindsley, issued a warrant for distress for rent and levied upon the same goods and chattels, rights and credits of said Fred R. Stelling, and thereupon caused said property to be offered for sale.

"10. That said warrant for distress was issued and executed in pursuance of a fraudulent conspiracy by said defendants, Fred R. Stelling, Lydia N. Stelling, Norman Brundage, Charles A. Lindsley, Lucy L. Fairchild, Alice Hamond, Gerard Lindsley and Horace N. Lindsley, to use and employ legal proceedings to aid, assist and abet said defendants, Fred R. Stelling and Lydia N. Stelling, in disposing of said property."

It will be noted that paragraph 9 alleges the issuance of a warrant for distress and the levy thereunder. No suggestion is pleaded that the persons at whose instance the warrant issued did not have a valid subsisting claim upon which it issued. Plaintiffs do not plead that the distress proceedings were illegal or fraudulent. They do assert that what transpired after defendants acquired title was done in furtherance of a fraudulent conspiracy. Assuming that to be so, the subsequent fraudulent conspiracy of the defendants would not taint the distress proceedings which are not asserted to be anything other than legal.

We find no error in the judgment under review and it is affirmed, with costs.

First Count—

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, DEAR, WELLS, HAGUE, JJ. 11.

*For reversal*—HEHER, RAFFERTY, THOMPSON, JJ. 3.

Second Count—

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.