66 N.J. Super. 22 (1961)
168 A.2d 418
HELEN WINKLER AND HENRY C. WINKLER, PLAINTIFFS-APPELLANTS,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, A FOREIGN CORPORATION, AND AETNA CASUALTY AND SURETY COMPANY, A FOREIGN CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1961.
Decided February 23, 1961.
*24 Before Judges GOLDMANN, FOLEY and FULOP.
Mr. Walter L. Smith, Jr., argued the cause for the appellants (Messrs. Armstrong & Geller, attorneys).
Mr. Michael Patrick King argued the cause for the respondents (Messrs. Kisselman, Devine, Deighan & Montano, attorneys).
The opinion of the court was delivered by FULOP, J.C.C. (temporarily assigned).
This is an appeal from the action of the trial court in dismissing plaintiffs' complaint with prejudice on motion "on the grounds that the complaint states no valid cause of action."
The parties filed affidavits and the motion was apparently considered as one for summary judgment pursuant to R.R. 4:58. That being the case, the language of our Supreme Court in Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400, 405 (1958), is apposite:
"Review of the propriety of a summary judgment must be engaged in with an eye to a fundamental concept. Such judgment is proper only where the record shows palpably that there is no issue as to any material fact in the case. R.R. 4:58-3. The papers supporting *25 the motion are to be closely scrutinized; those opposed to it indulgently treated. Doubts must be resolved in favor of the conventional trial. The matter cannot be decided on the affidavits of the parties where inferences for and against the existence of a cause of action or a defense arise therefrom, no matter how strongly they point in one direction or the other. Affidavits are of value only when they demonstrate the absence of a factual dispute as to all elements of the cause of action or the defense."
A motion asserting the defense that the complaint fails to state a claim upon which relief can be granted under R.R. 4:12-2(e) requires a similar liberality in upholding the pleading.
"* * * in dealing with the legal sufficiency of the complaint the plaintiff is entitled to a liberal interpretation of its contents and to the benefits of all of its allegations and the most favorable inferences which may be reasonably drawn from them." Rappaport v. Nichols, 31 N.J. 188 (1959).
The complaint alleges that on February 19, 1959 plaintiff Helen Winkler was injured as a result of the discarding of a wire band, of the type used for bundling newspapers, on the sidewalk in front of premises owned by Rice and Holman in Pennsauken Township, Camden County, New Jersey. Defendant Hartford Accident and Indemnity Company (hereinafter referred to as Hartford) was the insurer of Rice and Holman against liability for such accidents. A representative of this defendant obtained the wire band from the plaintiff. After examination of the wire, this insurer concluded that it was of the kind used by the Courier Post Company which was insured against liability by defendant Aetna Surety and Casualty Company (hereinafter referred to as Aetna). Hartford turned over the wire to Aetna.
On September 24, 1959 plaintiffs' attorneys demanded that Aetna return the wire. The demand was refused. On March 25, 1960 plaintiffs instituted a negligence action in the Superior Court, Law Division, against Rice and Holman, the Courier Post, and two Philadelphia newspapers. Subsequently, on April 7, 1960, the present action was filed by them against Hartford and Aetna for compensatory and *26 punitive damages for the wrongful withholding of plaintiffs' property.
Plaintiff Helen Winkler alleges "loss and jeopardy of a cause of action against the wrongdoers" by the conversion of the wire. Her husband, the plaintiff Henry C. Winkler, claims that he "did lose and place in jeopardy" his action per quod. Both plaintiffs seek compensatory and punitive damages.
Defendants' motion to dismiss was accompanied by an affidavit of one of the attorneys stating that after this action was instituted he offered to return the wire. Plaintiffs' attorney filed an answering affidavit to the effect that the offer to return the wire was conditioned upon dismissal of this action. This was not denied.
The trial court dismissed the action with prejudice, indicating that: (1) it is doubtful that plaintiffs own the wire; (2) the action was prematurely brought; (3) discovery proceedings would have produced the wire for use as evidence in the negligence action; (4) the complaint failed to state a cause of action. The court ordered defendants to turn the wire over to plaintiffs, without, however, passing upon the ownership thereof.
The complaint purports to allege a cause of action for conversion. The first count alleges that the wire was the property of the plaintiff Helen Winkler, and that it came into the possession of defendant Hartford whose agent wrongfully delivered it to defendant Aetna. Plaintiff demanded the return of the wire and it was refused.
As against defendant Hartford, Helen Winkler alleges that it obtained the wire without her consent or, in the alternative, with her consent for a special purpose upon an express or implied promise to return the same. These allegations are sufficient to set up a wrongful appropriation and disposition of said plaintiff's property.
As against defendant Aetna, said plaintiff alleges that it came into possession of her property wrongfully and refused to return it on demand. Again this states a cause of action.
*27 "The gist of an action in trover is conversion, that is, the exercise of any act of dominion in denial of another's title to the chattels or inconsistent with such title." Mueller v. Technical Devices Corp., 8 N.J. 201 (1951).
"A wrongful detention of property, where another is entitled to the immediate possession thereof, is a conversion * * *." 89 C.J.S. Trover and Conversion § 50.
"Where the possession of a person remains rightful until transformed into a wrongful detention by a demand and refusal of delivery, the demand and refusal may constitute a conversion in itself." 89 C.J.S. Trover and Conversion § 61.
Actual possession of a chattel at the time of conversion thereof will sustain an action in trover, except as to the true owner, or one claiming under him. Manna v. Industrial Credit Corp., 10 N.J. Misc. 1098 (Sup. Ct. 1932); 1 Chitty on Pleading (13th Am. ed. 1859), p. 170. Plaintiff having had possession of the wire, she is prima facie the owner of it. Spagnuolo v. Bonnet, 16 N.J. 546 (1954). As finder, she had the right to possession against all except the rightful owner. If it was abandoned, she became the owner. 36A C.J.S. Finding Lost Goods § 3 and § 5a. Assuming that Hartford came into possession rightfully as bailee, its alleged disposition of the wire without authority would constitute a breach of the bailment agreement and a conversion. Restatement of Torts, § 228, p. 583; § 232, p. 593 (1934).
The only damages alleged in the complaint are loss of and jeopardy to the plaintiffs' above mentioned negligence action. That action is still pending and plaintiffs now have possession of the wire band. It is unlikely that plaintiffs will be able to prove any damage to their negligence action resulting from the conversion of the wire band.
At common law the measure of damages in trover was the value of the goods taken and interest thereon. However, in an action in trespass de bonis asportatis the plaintiff was permitted to recover all damages flowing naturally and proximately from the wrong complained of. Ward v. Huff, 94 N.J.L. 81 (Sup. Ct. 1920). The latter rule is applicable under our practice which is not controlled by forms of action. *28 And see Restatement of Torts, § 927, p. 647 (1939); 53 Am. Jur., § 106, p. 896 (1954).
Although the allegation of damages included in the complaint may not be sustained by the evidence at the trial, plaintiffs are entitled to recover the value of the chattel, plus interest thereon and any other consequential damages which they may set up and be able to establish. The allegation as to damages does not go to the cause of action.
In Spiegel v. Evergreen Cemetery Co., 117 N.J.L. 90 (Sup. Ct. 1936), it was held that:
"While the fundamental legal concept of a tort is a wrong with resulting damage, the damage requisite to make the injury actionable is frequently implied or presumed. There is a class of cases in which the policy of the law is to visit damages upon the wrongdoer as a restraint against the perpetration of the wrong. Cooley on Torts (4th Ed.), § 46. * * * A trespass upon property whether real or personal, is actionable, although the damage to the owner is inappreciable. The maxim de minimus non curat lex `is never applied to the positive and wrongful invasion of another's property.' Wartman v. Swindell, 54 N.J.L. 589, 25 A. 356, 357, 18 L.R.A. 44.

* * * * * * * *
It is the established rule in this state that wherever there is a breach of contract, or the invasion of a legal right, the law ordinarily infers that damage has ensued. And, in the absence of actual loss, the law vindicates the right by awarding nominal damages. The injury imports damage."
Plaintiffs also claim exemplary damages. In Spiegel v. Evergreen Cemetery Co., supra, the court held:
"A reckless disregard by the wrongdoer of the legal rights of the victim is properly classable as an intentional infringement  a willful wrong. * * * it warrants the imposition of exemplary damages."
See La Bruno v. Lawrence, 64 N.J. Super. 570 (App. Div. 1960). See also Duro Co. v. Wishnevsky, 126 N.J.L. 7 (Sup. Ct. 1940), in which a writ of capias ad satisfaciendum was allowed to enforce a judgment based upon the "willful, malicious and unlawful removal and retention of the possession" of goods.
*29 Exemplary damages are allowed to punish the wrongdoer for a willful act and to vindicate the rights of a party in substitution for personal revenge, thus safeguarding the public peace. Whether or not this is a case in which it is appropriate is a question for the jury.
Assuming that compensatory damages cannot be proved beyond a nominal sum, the better view appears to be that exemplary damages may nevertheless be awarded in this type of action. 70 Harv. L. Rev., pp. 528-9 (1957). See Barber v. Hohl, 40 N.J. Super. 526 (App. Div. 1956).
The plaintiffs' action is against two corporations for the allegedly tortious acts of their employees. Exemplary damages may not be recovered against an employer for the wrongful act of an employee, unless the act was specifically authorized, participated in, or ratified by the master. Ketchum v. Amsterdam Apartments Co., 94 N.J.L. 7 (Sup. Ct. 1920); Kelleher v. Detroit Motors, 52 N.J. Super. 247 (App. Div. 1958). A corporate employer may be held for exemplary damages if its employee who committed the wrongful act or authorized or ratified it was so high in authority as to be fairly considered executive in character. Wendelken v. New York, S. & W.R. Co., 88 N.J.L. 270 (E. & A. 1913). See also Gindin v. Baron, 16 N.J. Super. 1 (App. Div. 1951), and 11 N.J. Super. 215 (App. Div. 1951). It is a fact question in the present case whether or not the corporate employers may be so charged.
The offer to return the wire band was conditioned upon the dismissal of the present action. The condition was without legal right. After an act of conversion has taken place and become complete, even an unconditional offer to return the goods or actual return of the goods does not bar the cause of action, although it may tend to mitigate damages. 89 C.J.S. Trover and Conversion § 86; Sheehy v. Commonwealth-Merchants Trust Co., 127 N.J.L. 574 (Sup. Ct. 1942). Thus the affidavit presented for defendants on the motion did not tend to show the absence of a cause of action. If anything, it tended to admit the conversion.
*30 The order dismissing the complaint was erroneous also in dismissing the complaint with prejudice. The action was in no sense determined on the merits. If the action was prematurely brought, it should not be barred forever. In any event, the action matured when the conversion took place even if the resultant damages were not ascertainable until the later disposition of the negligence action. 54 C.J.S. Limitations of Actions § 110b, § 119, § 168, and § 168b(3). "A cause of action for the conversion of chattels is complete when the chattel is first tortiously taken or retained by the defendant * * *." 4 Restatement of Torts, § 899(c), p. 526 (1939). Weiss v. Stelling, 130 N.J.L. 235 (E. & A. 1943); Joseph v. Lesnevich, 56 N.J. Super. 340 (App. Div. 1959). The action was not prematurely instituted.
The order of the trial court is reversed for further proceedings in conformity with this opinion.