409 P.2d 571

**J. J. CRAVIOLINI and L. C. Anderson Company, Inc., doing business as a joint venture, Appellants and Cross-Appellees,**

v.

**SCHOLER & FULLER ASSOCIATED ARCHITECTS, an Arizona corporation, and Emerson C. Scholer and Santry C. Fuller, Appellees and Cross-Appellants.\***

**No. 2 CA–CIV 73.**

Court of Appeals of Arizona.

Jan. 6, 1966.

Rehearing Denied Feb. 7, 1966.

Review Granted March 15, 1966.

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8046. The matter was referred

Nolen L. McLean, Tucson, for appellants and cross-appellees.

Dunseath, Stubbs & Burch, by Dean Burch, Tucson, for appellees and cross-appellants.

STEVENS, Chief Judge.

This was a tort action for intentional interference with a construction contract. Plaintiffs appeal from the granting of a motion for a directed verdict for one dollar in favor of the plaintiffs. The Defendants have cross-appealed on the issue that the doctrines of election of remedies, res judicata, or judicial estoppel are applicable and, therefore, it was error not to grant their

to this Court pursuant to Section 12–120.-23 A.R.S.

motion for summary judgment. Although we have considered the doctrines set forth in the cross-appeal thoroughly, our disposition of the case does not require any discussion thereof.

The record before us is complex and a detailed discussion of the facts would serve no useful purpose. The facts necessary to dispose of this action stated briefly are as follows: Plaintiffs as a joint venture, undertook the construction of what is now known as Catalina High School located in Pima County, Tucson, Arizona. They instituted this action for compensatory and punitive damages against the Defendants Scholer and Fuller Associated Architects, an Arizona Corporation, and Emerson Scholer and Santry Fuller, individually, for intentional interference with the construction contract plaintiffs had with the Pima County Board of Supervisors acting as and for the Board of Education, School District Number One.

The case was tried before a jury and the minutes reflect that after the plaintiffs rested

"R Dean Burch argues to the Court on Motion for Directed Verdict in favor of the Plaintiffs in the amount of $1.00 plus costs.

Nolen L. McLean argues in opposition.

ORDERED that Motion for Directed Verdict in favor of the Plaintiffs J. J. Craviolini and L. *A.* Anderson Company, Inc., in the sum of $1.00 plus costs is granted and

IT IS ORDERED that Judgment be entered in favor of the Plaintiffs, J. J. Craviolini and L. C. Anderson Company, Inc., and against the defendants, Scholer & Fuller Associated Architects, an Arizona corporation, and Emerson C. Scholer and Santry C. Fuller in the sum of $1.00 plus costs.

IT IS FURTHER ORDERED that Judgment be entered in favor of the Clerk of Superior Court and against the defendants, Scholer & Fuller Associated Architects, an Arizona

Corporation and Emerson C. Scholer and Santry C. Fuller for four days' Jury fees in the sum of $384.00."

It is noted that while the plaintiffs sought both actual and punitive damages, the motion and order merely granted damages without characterizing the damages as actual, or punitive or both.

Plaintiffs assign as error the granting of the directed verdict for the reason that liability having been admitted by the motion, the jury would then be entitled to pass upon the amount of damages, both compensatory and punitive. With this we do not agree. In the instant case, the evidence is such that had the defendants moved for a directed verdict in favor of themselves, it would have been error not to grant the motion. For reasons not readily apparent to this Court, the defendants elected to move for a directed verdict in favor of the plaintiffs in the amount of $1.00. The motion must be considered as it was made. The motion was not only for judgment for the plaintiffs, but judgment in the amount of $1.00 *only.* Under the circumstances, we may deem the motion made by the defendants in this case as, in effect, a motion for a directed verdict for the defendants, but allowing plaintiffs their costs. Under the circumstances, the trial court, in granting this motion, quite properly took further consideration of the case including damages both compensatory and punitive, away from the jury. It is well established that a trial court is correct in removing the consideration of damages from the jury in the situations where the amount of damages for pecuniary harm are so uncertain as to be incapable of establishment, with any degree of accuracy, without basing the award on mere guess, speculation and conjecture. Iaeger v. Metcalf, 11 Ariz. 283, 94 P. 1094 (1908); Spain v. Griffith, 42 Ariz. 304, 25 P.2d 551 (1933); Smith v. Pinner, 68 Ariz. 115, 201 P.2d 741 (1948); Zancanaro v. Cross Plumbing & Heating Co., 85 Ariz. 394, 339 P.2d 746 (1959). The trial court would have been correct in granting defendants' motion for a directed verdict in favor

of themselves had it been made. The trial court was also correct in granting defendants' motion for a directed verdict in favor of the plaintiffs in the amount of $1.00, thereby taking away from the jury the consideration of any damages which might conceivably be due to the plaintiffs in excess of $1.00. This disposition of the case does not require us to consider whether an award of nominal damages will support a consideration of punitive damages. The type of motion utilized in this case is not to be recommended to the members of the bar of this state as it involves untold confusion and complexities, and under certain circumstances may impose upon the party so moving the consequence of greater liability than that intended by the motion.

Judgment affirmed.

CAMERON, J., concurring.

DONOFRIO, Judge (dissenting).

I dissent from the majority's construction of defendants' motion.

I concur with the majority that the plaintiffs have failed to establish a prima facie case to go to the jury on the question of actual damages in that the damages attempted to be proved were highly speculative and uncertain. Defendants' motion for a directed verdict in favor of plaintiffs for one dollar in effect was the admission of liability and a denial that any actual or compensatory damage had been proved. The trial court may in the situations where the amount of pecuniary damage is too uncertain to be based upon anything but guess and speculation take the consideration thereof from the jury. See cases cited in majority opinion for this proposition. The defendants have by so moving admitted breaching a duty owed to plaintiffs. The court in granting the motion for judgment of $1.00 in favor of plaintiffs, has determined that a prima facie case has been made entitling plaintiffs only to nominal damages and that the defendants were chargeable for the costs of trial as there was a failure of proof as to actual damages.

Such a ruling does not prevent the jury from considering the issue of punitive damages. The plaintiffs have alleged and asked for punitive damages and greater weight of authority is to the effect that an award of nominal damages alone will support the jury's consideration of punitive damages when punitive damages are properly before a jury. Muller v. Reagh, 150 Cal.2d 99, 309 P.2d 826 (1957). Punitive damages are in the discretion of the jury. The jury may withhold or award them as it sees fit. Downs v. Sulphur Springs Valley Electric Coop., 80 Ariz. 286, 297 P.2d 339 (1956). The jury in the instant case was not allowed to consider punitive damages. Thus, the trial court committed reversible error in taking the consideration of punitive damages from the jury.

I would reverse the case and remand it for a new trial on the issue of punitive damages.

This cause was decided by the Judges of Division One as authorized by A.R.S. Section 12–120, subsec. E.