415 P.2d 456

**J. J. CRAVIOLINI and L. C. Anderson Company, Inc., dba a joint venture, Appellants and Cross-Appellees,**

**v.**

**SCHOLER & FULLER ASSOCIATED ARCHITECTS, an Arizona corporation, and Emerson C. Scholer and Santry C. Fuller, Appellees and Cross-Appellants.**

**No. 8046–PR.**

Supreme Court of Arizona.
In Banc.

June 9, 1966.
Rehearing Denied July 12, 1966.

**34**

Nolen L. McLean, Tucson, for appellants and cross-appellees.

Dunseath, Stubbs & Burch, by Dean Burch, Tucson, for appellees and cross-appellants.

UDALL, Justice.

Pursuant to Rule 47(b), 17 A.R.S., Rules of Supreme Court, appellants, plaintiffs herein, petitioned this Court to review the decision of the Court of Appeals in the case of Craviolini v. Scholer & Fuller Associated Architects, 2 Ariz.App. 412, 409 P.2d 571, which affirmed the judgment of the trial court. This appeal is another phase of a matter that has heretofore been before this Court: Craviolini v. Scholer & Fuller Associated Architects, 89 Ariz. 24, 357 P.2d 611.

This is an appeal from a tort action for intentional interference with a construction contract. Plaintiffs appeal from the trial court's granting of defendant's motion for a directed verdict for one dollar in favor of the plaintiffs. Appellees, defendants herein, have cross-appealed contending the doctrines of election of remedies or judicial estoppel apply to this matter and, therefore, it was error not to grant their motion for summary judgment.

The facts necessary to dispose of this appeal are as follows: Plaintiffs as a joint venture, undertook the construction of what is now known as Catalina High School located in Tucson, Arizona. This action sought compensatory and punitive damages against defendants for alleged intentional interference with the construction contract between plaintiffs and the Pima County Board of Supervisors acting as and for the Board of Education, School District Number One.

The case was tried before a jury and the minutes reflect that after the plaintiffs rested their case the following occurred:

"R. Dean Burch argues to the Court on Motion for Directed Verdict in favor of the Plaintiffs in the amount of $1.00 plus costs.

"Nolen L. McLean argues in opposition.

"ORDERED that Motion for Directed Verdict in favor of the Plaintiffs J. J. Craviolini and L. A. [sic] Anderson Company, Inc., in the sum of $1.00 plus costs is granted and

"IT IS ORDERED that Judgment be entered in favor of the Plaintiffs, J. J. Craviolini and L. C. Anderson Company, Inc., and against the defendants, Scholer & Fuller Associated Architects, an Arizona corporation, and Emerson C. Scholer and Santry C. Fuller in the sum of $1.00 plus costs.

"IT IS FURTHER ORDERED that Judgment be entered in favor of the Clerk of Superior Court and against the defendants, Scholer & Fuller Associated Architects, an Arizona Corporation and

Emerson C. Scholer and Santry C. Fuller for four days' Jury fees in the sum of $384.00."

Plaintiffs' single assignment of error is that the trial court erred by not permitting the jury to determine the amount of damages, if any, since defendants admitted liability by the form of the motion used. We must determine whether the trial court erred by granting defendants' motion in favor of the plaintiffs in the amount of one dollar without characterizing the damages as actual, or punitive or both.

The novel trial practice of moving for a directed verdict for the opposing party is not without precedent in Arizona, although very few jurisdictions have approved such a practice. Rule 50, Rules of Civil Procedure, 16 A.R.S., does not explicitly prohibit this form of motion, and if the rule requires that the motion be made in favor of the movant the requirement is by implication.

The case of Sharp v. Western Union Tel. Co., 39 Ariz. 349, 6 P.2d 895, 80 A.L.R. 293, is cited by defendants for approval by this Court of the form of motion used in the instant case. The above case does approve of the result obtained by such a motion as indicated by the following remarks:

"At the oncoming of the trial, and after a jury was impaneled, defendant admitted liability for nominal damages, objected to the introduction of any evidence, and moved for a directed verdict in favor of plaintiff for nominal damages, on the ground that under the pleadings plaintiff was entitled to such damages only. Defendant's motion was granted, and the jury was instructed to return a verdict for plaintiff for nominal damages in the sum of $1. This was done, whereupon judgment was duly entered upon such verdict."

Defendants submit that while the procedure outlined in the above case was not identical to that selected by the trial court in this case, the result is the same in both instances.

The trial court had before it a motion for directed verdict and a motion for directed verdict for one dollar in favor of the plaintiffs. It is not entirely clear why the trial judge elected the latter motion in preference to the motion for directed verdict. Defendants suggest that the motion granted was nothing more than one for a directed verdict with an offer to pay the costs of the action. Plaintiffs contend the motion admits liability and based on the facts, we should reverse for a determination of damages only.

The motion adopted by the court would seem to suggest the defendants were admitting liability for nominal damages, but that plaintiffs had not proven and, therefore, were not entitled to compensatory or punitive damages. The suggestion that the motion was an offer to pay costs was unnecessary when Rule 54(f), Rules of Civil Procedure, 16 A.R.S., is examined. This rule provides, in part:

"Except when express provision therefor is made either in a statute or in the Rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

Thus, the trial court could have assessed costs to defendants without granting their motion. The above rule would have permitted such. We conclude that by choosing to grant the motion, and impliedly denying the motion for directed verdict, the trial court believed that liability for technical nominal damages had been proven but not compensatory or punitive damages. Cf. Bartlesville Zinc Co. v. James, 66 Okl. 24, 166 P. 1054; Van Houten v. Campbell, 9 N.J.Misc. 214, 153 A. 391. While there was a hearing on the motions, which was reported, neither party favored this Court with the transcript. Therefore, we can only examine the record before us and try to determine if the trial court was correct in granting this form of motion.

Where the amount of damages is either undisputed or subject to arithmetical computation and liability is established, the

court may assess the damage as it becomes a question of law. Ward v. Johnson, 72 Ariz. 213, 232 P.2d 960. If the amount of damages is unliquidated, the assessment of damages is a matter for the jury, and if it appears that a party is entitled to some damages, the case should not be withdrawn from the jury.

Since we construe the form of motion selected by defendants to admit liability for nominal damages, we must examine the record to determine whether there is any evidence of actual damages in this case. There is no doubt that an amount was not fixed by contract since this was an allegation of an intentional tort. The amount was not subject to arithmetical computation nor was the amount sued for admitted by the appellees.

An examination of the evidence indicates that the issue of damages should have been resolved by the jury. The record is not devoid of any evidence of actual damage. There was testimony that acts of the defendants resulted in a loss to the contractor of eighty hours extra lay-out labor, extra cost of shoring method, and 1,000 hours carpenter labor. In addition there was testimony that the defendants demanded and obtained the dismissal of plaintiffs' superintendent, and that defendants permitted a load of reinforcing steel bars to be dumped in such a manner that would interfere with plaintiffs' ingress and egress to the location of the building. These incidents would seem to suggest that the jury should have been permitted to consider the question of damages.

As we stated in Maricopa County Municipal Water Conservation District No. One v. Roosevelt Irrigation District, 39 Ariz. 357, 6 P.2d 898:

" 'It is evident that the damages recoverable are nearly always involved in some uncertainty and contingency, and, therefore, it is a rule that reasonable certainty only is required. Formerly the tendency was to restrict the recovery to such matters as were susceptible of having attached to them an exact pecu-

niary value, but it is now generally held that the uncertainty referred to is uncertainty as to the fact of the damage and not as to its amount, and that, where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery. This is particularly true where, from the nature of the case, the extent of the injury and the amount of damage is not capable of exact and accurate proof. * * *' "

See also, Jacobson v. Laurel Canyon Mining Co., 27 Ariz. 546, 234 P. 823.

We do not reach the issue of whether nominal damages are sufficient to allow a jury to consider the matter of punitive damages. We have, however, stated on two occasions that actual damages must be found as a predicate for recovery of exemplary damages. Gomez v. Dykes, 89 Ariz. 171, 359 P.2d 760, 82 A.L.R.2d 1093; Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734. See also, Calumet & Arizona Min. Co. v. Gardner, 21 Ariz. 206, 187 P. 563. Instead, we find that defendants admitted liability to the extent of nominal damages by their motion, Sharp v. Western Union Tel. Co., supra, and the evidence was such that the jury should have been permitted to consider whether plaintiffs were entitled to compensatory or punitive damages, or both. Accordingly, the case is remanded for a new trial.

The defendants, by cross-appeal, contend the trial court erred by denying their motion for summary judgment alleging there was no genuine issue of material fact, and judgment should have been entered for them as a matter of law. Defendants contend the doctrines of election of remedies and judicial estoppel are applicable and should bar recovery by plaintiffs.

We need not determine the merits of defendants' cross-appeal since the facts indicate that defendants are foreclosed from alleging this position. The admission of liability for nominal damages is patently inconsistent with a former allegation of lack of a genuine issue as to any material

fact. A party's position in an action should remain somewhat consistent during all facets of the proceedings. The admission of liability of any amount for the opposing party at the trial is contradictory to the former position that summary judgment should have been granted.

It is true the trial court that considered the motion for summary judgment could only consider the facts of the case at that particular time, and accordingly its ruling would be based upon those facts. The essence of a denial of a motion for summary judgment is that a genuine issue of material fact is present. If the motion in favor of an opposing party does nothing else, it, at least, acknowledges the existence of a material fact that is genuine and in dispute.

The decision of the Court of Appeals is vacated and the case is remanded for a new trial on all issues.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and McFARLAND, J., concurring.

LOCKWOOD, Justice (specially concurring):

While I agree in the result reached herein, I feel the predicate for recovery of exemplary damages should be more precisely established for the guidance of the trial court upon a new trial. Thus it appears a short discussion of nominal damages would be appropriate.

The term "nominal damages" describes two types of awards: (1) a trifling or token sum awarded to a plaintiff in an action for a mere technical invasion of a right without actual damage; and (2) the very different allowance made when actual damages are substantial but their extent and amount is difficult of precise measurement. See, Kluge v. O'Gara, 227 Cal.App. 2d 207, 38 Cal.Rptr. 607 (1964); Sterling Drug v. Benatar, 99 Cal.App.2d 393, 221 P.2d 965 (1950); Black's Law Dictionary (4th ed.).

The better reasoned rule appears to be that punitive damages are not recoverable when no actual damage is suffered, [Gomez v. Dykes, 89 Ariz. 171, 359 P.2d 760, 82 A. L.R.2d 1093 (1961); Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948)], but may be allowed when there is substantial actual damage, but the amount awarded is "nominal" only because of the difficulty in measurement. See, Finney v. Lockhart, 35 Cal. 2d 161, 217 P.2d 19 (1950); Winkler v. Hartford Acc. & Indem. Co., 66 N.J.Super. 22, 168 A.2d 418 (1961); Fauver v. Wilkoske, 123 Mont. 228, 211 P.2d 420, 17 A.L. R.2d 518 (1949); See also, 22 Am.Jur.2d Damages § 242; Note, 70 Harv.L.Rev. 517, 528–29 (1957).